[Cite as *State v. Reed*, 2021-Ohio-1623.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## UNION COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                    CASE NO.  14-20-16

    v.

BRIAN ANDREW REED,                    **O P I N I O N**

    DEFENDANT-APPELLANT.

Appeal from Union County Common Pleas Court
Trial Court No. 2019-CR-0243

Judgment Affirmed

Date of Decision:  May 10, 2021

APPEARANCES:

    *Alison Boggs* for Appellant

    *Raymond Kelly Hamilton* for Appellee

**SHAW, J.**

{¶1} Defendant-appellant, Brian A. Reed ("Reed"), appeals the July 15, 2020 judgment of the Union County Court of Common Pleas, journalizing his conviction after pleading guilty to three counts of second-degree felony burglary, one count of third-degree felony identity fraud, and one count of fourth-degree felony grand theft, and sentencing him to an aggregate indefinite prison term of ten to thirteen years. On appeal, Reed argues that the trial court failed to adequately consider the purposes and principles of felony sentencing under R.C. 2929.11 and R.C. 2929.12 when fashioning its sentence.

*Relevant Facts and Procedural History*

{¶2} On October 10, 2019, the Union County Grand Jury returned a four-count indictment against Reed alleging that he committed the offenses of Counts 1 through 3: burglary, in violation of R.C. 2911.12(A)(1), (D), felonies of the second degree; and Count 4: identity fraud, in violation of R.C. 2913.49(E), (I)(2), a felony of the third degree. Upon arraignment, Reed entered pleas of not guilty to the charges.

{¶3} The charges arose from video surveillance footage which captured Reed enter and exit a Honda of America Manufacturing plant located in Union County, Ohio, at least twenty-three times over the course of September 16, 17, and 23, 2019, by using the employee badge belonging to his girlfriend to gain access to the

building. Reed was not employed by Honda, but had been formerly employed by a subcontractor to work on Honda's production line. On the video footage, Reed could be seen leaving the facility with several items from the plant in a black duffle bag. Honda subsequently reported numerous air impact/pneumatic tools missing. Six of these missing tools were recovered from the residence where Reed lived with his grandmother. The items were found in a black duffle bag labeled with the name "Brian Reed." Reed's father also reported that Reed had attempted to sell some of the air impact/pneumatic tools to the employees at his father's place of business while his father was not there. The employees declined to purchase the stolen items.

{¶4} On November 27, 2019, the prosecution moved to consolidate the instant case with a superseding indictment filed in another case involving Reed and the theft of air bag assemblies from Honda that were discovered at Reed's grandmother's residence. The trial court granted the motion to consolidate the cases, listing an additional count alleging that Reed committed the offense of grand theft in violation of R.C. 2913.02(A)(3), (B)(2), a felony of the fourth degree.

{¶5} On March 10, 2020, Reed withdrew his previously tendered pleas of not guilty and entered guilty pleas to all five counts. The trial court accepted Reed's guilty plea and ordered a presentence investigation interview to be completed.

{¶6} On May 8, 2020, the prosecution filed a restitution report compiled by Honda, indicating that Honda requested $38,274.74 in restitution for the stolen items.

{¶7} On July 15, 2020, Reed appeared for sentencing. Reed's counsel argued for the imposition of a sentence of less than five years in prison, noting that Reed suffered from drug and alcohol addiction, Reed's showing of remorse, and asserting that Honda did not suffer serious economic harm by virtue of it being a large company. The prosecution argued for a longer sentence to be imposed upon Reed, noting that Reed had a long criminal history, including that he was on community control when he committed the underlying offenses and that at the time of sentencing he was serving time on another offense out of a neighboring county. The prosecution also claimed that Reed was familiar with the plant being previously employed on the production line by a Honda subcontractor, and that in addition to the monetary loss listed in the restitution report, the efficiency of Honda's production line was hindered for several days as a result of Reed's conduct.

{¶8} The trial court imposed a prison term of six to nine years on the three second-degree felony burglary counts to run concurrent; a prison term of thirty months on the third-degree felony identity fraud count to run consecutive to the prison terms imposed for the three burglary counts; and a prison term of eighteen months on the fourth-degree felony grand theft count to run consecutive to the other

four counts. The total stated prison term imposed by the trial court was an aggregate indefinite term of ten to thirteen years.

{¶9} Reed filed an appeal from this judgment, assigning error to the imposition of the trial court's sentence. While this appeal was pending, Reed filed a Motion to Delay Decision and Reopen Briefing, requesting the opportunity to brief an additional assignment of error to this Court. We granted the motion and ordered the parties to submit supplemental briefs.

{¶10} Reed now appeals the trial court's July 15, 2020 Judgment Entry of conviction and sentence, asserting the following assignments of error for our review.

## ASSIGNMENT OF ERROR NO. 1

**APPELLANT'S SENTENCE IS CONTRARY TO LAW AND AN ABUSE OF DISCRETION BECAUSE THE TRIAL COURT FAILED TO CONSIDER AND PROPERLY WEIGH THE PURPOSE AND PRINCIPLES OF SENTENCING ALONG WITH THE SENTENCING FACTORS FOUND IN OHIO REVISED CODE SECTIONS 2929.11 AND 2929.12.**

## ASSIGNMENT OF ERROR NO. 2

**THE TRIAL COURT ERRED WHEN IT SENTENCED APPELLANT TO AN INDEFINITE TERM OF PRISON ON EACH OF THE THREE BURGLARY COUNTS, AS BURGLARY IS NOT A QUALIFYING FELONY UNDER THE REGAN TOKES LAW.**

*First Assignment of Error*

{¶11} In his first assignment of error, Reed claims that the trial court failed to adequately consider the purposes and principles of sentencing and failed to

properly apply the sentencing factors set forth in R.C. 2929.11 and R.C. 2929.12. Specifically, Reed contends that the sentence imposed by the trial court was "excessive, when the court has been instructed to 'promote the effective rehabilitation of the offender using the minimum sanctions * * * without imposing an *unnecessary burden* on the state and local government.' " (Appt. Br. 9, citing R.C. 2929.11(A)(emphasis sic)). Reed also argues that the prison terms imposed were disproportionate to the offenses committed because the offenses were fueled by Reed's drug addiction and were not crimes of violence. Reed further asserts that the economic loss to Honda was relatively unsubstantial to warrant the trial court's sentence stating that, "[w]hile the dollar amount seems high to most ordinary people, when put in perspective to the economic gains Honda regularly makes, the dollar amount is actually insignificant." (*Id.*); see R.C. 2929.12(B)(2)

*Standard of Review*

{¶12} Under R.C. 2953.08(G)(2), an appellate court will reverse a sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Clear and convincing evidence is that " 'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.' "

*Id.* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

*Relevant Authority*

**{¶13}** "The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than [a] minimum sentence[ ]." *State v. White*, 3d Dist. Marion No. 9-19-32, 2020-Ohio-717, ¶ 8. Nevertheless, when exercising its sentencing discretion, a trial court must consider the statutory policies that apply to every felony offense, including those set out in R.C. 2929.11 and R.C. 2929.12. *State v. Kerns*, 3d Dist. Logan No. 8-18-05, 2018-Ohio-3838, ¶ 8, citing *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, ¶ 38.

**{¶14}** Revised Code 2929.11 provides that sentences for a felony shall be guided by the overriding purposes of felony sentencing: "to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A). In order to comply with those purposes and principles, R.C. 2929.12 instructs a trial court to consider various factors set forth in the statute relating to the seriousness of the offender's conduct and to the likelihood of the offender's recidivism. R.C. 2929.12(A)-(E).

*Discussion*

{¶15} In this case, Reed was convicted of three counts of burglary in violation of R.C. 2911.12 (A)(1), (D), all felonies of the second degree. Pursuant to R.C. 2929.14(A)(2)(a), the prison term for a second-degree felony offense "shall be an indefinite prison term with a stated minimum term selected by the court of two, three, four, five, six, seven, or eight years and a maximum term that is determined pursuant to section 2929.144 of the Revised Code[.]" Under R.C. 2929.144(B)(1), the maximum prison term for a qualifying felony of the second degree shall be equal to the "minimum term imposed * * * plus fifty per cent of that term." Reed was also convicted of one count of identity fraud, violation R.C. 2913.49(E), (I)(2), a felony of the third degree. Pursuant to R.C. 2929.14(A)(3)(b), the prison term for a third-degree felony offense "shall be a definite term of nine, twelve, eighteen, twenty-four, thirty, or thirty-six months." Finally, Reed was convicted of grand theft in violation of R.C. 2913.02(A)(3), (B)(2), a felony of the fourth degree. Under R.C. 2929.14(A)(4), the prison term for a fourth-degree felony offense "shall be a definite term of six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months."

{¶16} Here, the trial court imposed upon Reed an indefinite prison term with a stated minimum of six years and a stated maximum of nine years for each of the three second-degree felony burglary offenses; a thirty-month prison term for the

third-degree felony identity fraud offense; and an eighteen-month prison term for the fourth-degree felony grand theft offense. These prison terms are within the appropriate statutory range and are compliant with the relevant statutes, therefore they are presumptively valid. *State v. Maggette*, 3d Dist. Seneca No. 13-16-06, 2016-Ohio-5554, ¶ 31.

{¶17} Notably, notwithstanding the wording of Reed's assignment of error, the record clearly established the trial court conducted an analysis of these factors both at the sentencing hearing and in its judgment entry of sentence. Rather, Reed simply disagrees with the trial court's application of these factors to the facts and circumstances of his case.

*Appellate Review of R.C. 2929.11 and R.C. 2929.12 Factors*

{¶18} The Supreme Court of Ohio recently clarified an appellate court's review of a felony sentence under R.C. 2953.08(G)(2). *See*, *State v. Jones*, --- Ohio St.3d ---, 2020-Ohio-6729, ¶ 39.[1] The Supreme Court ruled that R.C. 2953.08(G)(2)(a) "clearly does not provide a basis for an appellate court to modify or vacate a sentence if it concludes that the record does not support the sentence under R.C. 2929.11 and R.C. 2929.12 because * * * R.C. 2929.11 and R.C. 2929.12

---

[1] Because *Jones* was decided after the parties submitted their appellate briefs in this case, neither party has had the opportunity to address its applicability. However, *Jones* "does not change the law" but instead "clarifies existing law and precedents." *State v. Roberts*, 5th Dist. Richland No. 2020 CA 0035, 2021-Ohio-90, ¶ 81, fn. 2. Therefore, we elect to apply *Jones* to the instant case without the benefit of supplemental briefing.

are not among the statutes listed in the provision." *Id.* at ¶ 31. Thus, the Supreme Court concluded that an appellate court may not modify or vacate a felony sentence based upon a finding by clear and convincing evidence that the record does not support the trial court's "findings" under R.C. 2929.11 and R.C. 2929.12. *See id* at ¶ 42 ("Nothing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12.").

{¶19} The Supreme Court in *Jones* also confirmed that R.C. 2953.08(G)(2)(b) does not provide a mechanism for an appellate court to modify or vacate a felony sentence based upon a finding that the sentence is "contrary to law" because it clearly and convincingly is not supported by the record under R.C. 2929.11 and R.C. 2929.12. *Id.* at ¶ 32-39. "As a result of the Supreme Court's holding in *Jones*, when reviewing felony sentences that are imposed solely after considering the factors in R.C. 2929.11 and R.C. 2929.12, we shall no longer analyze whether those sentences are unsupported by the record. We simply must determine whether those sentences are contrary to law." *State v. Dorsey*, 2d Dist. Montgomery No. 28747, 2021-Ohio-76, ¶ 18. "A sentence is contrary to law when it does not fall within the statutory range for the offense or if the trial court fails to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11

- 10 -

and the sentencing factors set forth in R.C. 2929.12." *Id.* citing *State v. Brown*, 2d Dist. No. 2016-CA-53, 2017-Ohio-8416, ¶ 74; *see State v. D-Bey*, 8th Dist. Cuyahoga No. 109000, 2021-Ohio-60, ¶ 65 ("A sentence is 'contrary to law' if it falls outside the statutory range for the offense or if the trial court fails to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12 when sentencing a defendant for a felony offense.").

{¶20} In sum, the record demonstrates that the prison terms imposed by the trial court in this case are within the statutory range and that the trial court considered the statutory factors in R.C. 2929.11 and 2929.12 when it fashioned Reed's aggregate sentence. Thus, Reed's sentence is *not* clearly and convincingly contrary to law, and it must therefore be affirmed. *See Burks*, 2d Dist. Clark No. 2019-CA-70, 2021-Ohio-224, ¶ 9, ("Under *Jones*, this ends the inquiry regarding the individual sentences. Thus, there is no basis upon which to modify or vacate either individual sentence."); *see also*, *D-Bey, supra*, ¶ 75, citing *Jones* at ¶ 39 (concluding that "this court cannot review D-Bey's sentences to determine whether they are "excessive" or otherwise not "supported by the record under R.C. 2929.11 and 2929.12."). On this basis, Reed's first assignment of error is overruled.

*Second Assignment of Error*

**{¶21}** In his second assignment of error, Reed claims that the trial court was not authorized to impose an indefinite prison term for his three, second-degree felony burglary convictions because they are not qualifying felonies as defined by the Regan Tokes Law. On this basis, Reed argues that the indefinite sentencing provisions of the Reagan Tokes Law do not apply to his burglary convictions.[2] Thus, Reed contends that the trial court's sentence imposing a six to nine-year indefinite prison term for each burglary conviction is contrary to law.

**{¶22}** On appeal, Reed primarily relies upon R.C. 2901.011, which states in its entirety:

> **The amendments to sections 109.42, 121.22, 149.43, 2903.06, 2903.08, 2903.11, 2903.12, 2905.01, 2905.32, 2907.02, 2907.03, 2907.05, 2907.07, 2919.22, 2919.25, 2921.321, 2921.36, 2923.132, 2925.01, 2925.02, 2925.03, 2925.04, 2925.041, 2925.11, 2929.01, <u>2929.14</u>, 2929.142, 2929.15, 2929.19, 2929.191, 2929.20, 2929.61, 2930.16, 2943.032, 2953.08, 2967.01, 2967.021, 2967.03, 2967.13, 2967.19, 2967.191, 2967.193, 2967.26, 2967.28, 2971.03, 3719.99, 5120.021, 5120.53, 5120.66, and 5120.80 *and* the enactment of sections 2901.011, <u>2929.144</u>, 2967.271, and 5120.038 of the Revised Code by S.B. 201 of the 132nd general assembly constitute the Reagan Tokes Law.**

---

[2] Regan Tokes Law provides that a court imposing a non-life imprisonment term for certain first and second-degree felonies committed after the law's March 22, 2019 effective date, defined as a qualifying felony, must impose a minimum prison term which may be extended by one-half the minimum term due to institutional infractions as determined by the Ohio Department of Corrections. *See State v. Acosta*, 6th Lucas Nos. L-20-1068, L-20-1069, 2021-Ohio-757, ¶ 6.

(Emphasis added). Reed claims that only the amended statutes listed in R.C. 2901.11 are qualifying felonies of the first or second degree subject to indefinite sentencing under the Regan Tokes Law. Reed further argues that by omitting R.C. 2911.12, the statute defining the offense of burglary, from the list of amended statutes, the Ohio Legislature indicated that second-degree felony burglary is not a qualifying felony to which the indefinite sentencing provisions apply.

{¶23} However, in making this argument, Reed overlooks the fact that in R.C. 2901.011, the Ohio Legislature defined the Reagan Tokes Law as constituting all of the amended statutes listed in R.C. 2901.011 *and* four newly-enacted statutes, one of which is R.C. 2929.144. Unlike R.C. 2901.011, R.C. 2929.144 contains a specific definition of the term "qualifying felony of the first or second degree." In fact, other than R.C. 2929.144, there appears to be no statute in the Ohio Revised Code that uses, much less defines, the term.

{¶24} As defined in R.C. 2929.144, a " 'qualifying felony of the first or second degree' means a felony of the first or second degree *committed on or after the effective date of this section*." R.C. 2929.144(A)(emphasis added). The effective date of R.C. 2929.144, as well as all the statutory provisions comprising the Reagan Tokes Law, is March 22, 2019. Thus, all first or second-degree felonies committed on or after March 22, 2019, are qualifying felonies to which the indefinite sentencing provisions of Reagan Tokes Law apply. Incidentally, there is

- 13 -

no dispute among the parties that Reed committed his second-degree burglary offenses after March 22, 2019.

**{¶25}** Revised Code section 2929.14, which is one of the many statutes amended by the Reagan Tokes Law, reinforces the definition of a "qualifying felony of the first or second degree" in R.C. 2929.144(A). Specifically, R.C. 2929.14(A)(2)(a), the division under which Reed was sentenced, states:

> **For a felony of the first degree *committed on or after the effective date of this amendment*, the prison term shall be an indefinite prison term with a stated minimum term selected by the court of three, four, five, six, seven, eight, nine, ten, or eleven years and a maximum term that is determined pursuant to section 2929.144 of the Revised Code, except that if the section that criminalizes the conduct constituting the felony specifies a different minimum term or penalty for the offense, the specific language of that section shall control in determining the minimum term or otherwise sentencing the offender but the minimum term or sentence imposed under that specific language shall be considered for purposes of the Revised Code as if it had been imposed under this division.**

(Emphasis added).

**{¶26}** Based on the foregoing, we find Reed's reliance upon R.C. 2901.011 to be misplaced, as Reed fails to consider the other statutes that make up the Reagan Tokes Law. It is apparent that R.C. 2901.011 generally delineates the newly-enacted statutes and amended offenses that comprise the Reagan Tokes Law. Unlike R.C. 2929.144, R.C. 2901.011 contains no specific, operative language defining a qualifying degree felony subject to indefinite

- 14 -

sentence. Furthermore, reading R.C. 2929.144 and 2929.14(A) together, it is clear the defining characteristic of a qualifying first or second-degree felony is not its inclusion in R.C. 2901.011's list of amended and newly-enacted statutes, but rather the critical inquiry is whether the offense was committed on or after the relevant effective date. Accordingly on this basis, we decline to further address this matter under an analysis of conflicting specific and general provisions under R.C. 1.51, as Reed urges us to do, because we do not find that such an analysis is warranted.

{¶27} Reed's second assignment of error is overruled.

{¶28} Based on the foregoing the assignments of error are overruled and the judgment and sentence of the Union Court of Common Pleas is affirmed.

*Judgment Affirmed*

**WILLAMOWSKI, P.J. and ZIMMERMAN, J., concur.**

**/jlr**