[Cite as *State v. Likens*, 2021-Ohio-2380.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

MADISON COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NOS. CA2020-10-018 |
| | | CA2020-11-019 |
| | : | |
| - vs - | | O P I N I O N |
| | : | 7/12/2021 |
| ZACHARY T. LIKENS, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM MADISON COUNTY COURT OF COMMON PLEAS
Case No. CRI 20200102

Nicholas A. Adkins, Madison County Prosecuting Attorney, and Rachel M. Price, Assistant Prosecuting Attorney, for appellee.

Chaudry Law, LLC, and Adam N. Chaudry, for appellant.

**S. POWELL, J.**

{¶ 1} Appellant, Zachary T. Likens, appeals the decision of the Madison County Court of Common Pleas sentencing him to a jointly recommended sentence of two consecutive, mandatory 11-year prison terms after he pled guilty to two counts of first-degree felony rape. For the reasons outlined below, we affirm the trial court's decision.

{¶ 2} On July 28, 2020, Likens pled guilty to two counts of rape in violation of R.C. 2907.02(A)(2), both first-degree felonies. After accepting Likens' guilty plea, the trial court

proceeded immediately to sentencing and sentenced Likens to the jointly recommended sentence set forth above; two consecutive, mandatory 11-year prison terms. Likens now appeals the trial court's decision to impose that jointly recommended sentence, raising the following single assignment of error for review.

{¶ 3} THE TRIAL COURT'S SENTENCING OF DEFENDANT-APPELLANT TO A MAXIMUM TERM OF IMPRISONMENT VIOLATED OHIO LAW AND THEREBY DENIED DEFENDANT OF HIS DUE PROCESS RIGHTS UNDER OHIO AND FEDERAL CONSTITUTIONAL LAW.

{¶ 4} Likens argues the trial court's decision sentencing him to a jointly recommended sentence violated his due process rights under both the Ohio and United States Constitutions.

{¶ 5} This court "does not review the sentencing court's decision for an abuse of discretion." *State v. Scott*, 12th Dist. Clermont Nos. CA2019-07-051 and CA2019-07-052, 2020-Ohio-3230, ¶ 54, citing *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 10. "It is instead the standard of review set forth in R.C. 2953.08(G)(2) that governs all felony sentences." *State v. Watkins*, 12th Dist. Preble No. CA2020-03-005, 2021-Ohio-163, ¶ 48, citing *State v. Crawford*, 12th Dist. Clermont No. CA2012-12-088, 2013-Ohio-3315, ¶ 6; and *State v. Julious,* 12th Dist. Butler No. CA2015-12-224, 2016-Ohio-4822, ¶ 8 ("[a]s with all felony sentences, we review this sentence under the standard of review set forth in R.C. 2953.08[G][2]"). The standard prescribed by R.C. 2953.08(G)(2) is, in fact, "the only standard applicable to felony sentencing * * *." *State v. Paul*, 12th Dist. Clinton No. CA2020-08-010, 2021-Ohio-1628, ¶ 9, fn.1.

{¶ 6} Pursuant to R.C. 2953.08(G)(2), this court may increase, reduce, "or otherwise modify a sentence that is appealed under this section or may vacate the sentence

and remand the matter to the sentencing court for resentencing," if this court clearly and convincingly finds either of the following:

> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

> (b) That the sentence is otherwise contrary to law.

"R.C. 2953.08(G)(2)(b) therefore does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." *State v. Jones*, Slip Opinion No. 2020-Ohio-6729, ¶ 39.

{¶ 7} However, while this court does not have the statutory authority under R.C. 2953.08(G)(2)(b) to review whether the record supports the trial court's findings under R.C. 2929.12 and 2929.11, "this court does have the statutory authority to review whether the trial court's sentencing decision is clearly and convincingly contrary to law under R.C. 2953.08(G)(2)(b)." *State v. Toles*, 12th Dist. Madison No. CA2019-07-018, 2020-Ohio-4267, ¶ 40. "A sentence is not clearly and convincingly contrary to law where the trial court considers the purposes and principles of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly applies postrelease control, and sentences appellant within the permissible statutory range." *State v. Day*, 12th Dist. Warren Nos. CA2020-07-042 and CA2020-07-043, 2021-Ohio-164, ¶ 7, citing *State v. Durham*, 12th Dist. Warren No. CA2013-03-023, 2013-Ohio-4764, ¶ 42.

{¶ 8} Likens does not argue that the record does not support the trial court's findings made under any of the statutes set forth in R.C. 2953.08(G)(2)(a), nor does Likens argue that his sentence is contrary to law under R.C. 2953.08(G)(2)(b). Likens instead requests this court to review the trial court's sentencing decision "to determine whether the trial court followed the required statutory polices" set forth in R.C. 2929.11 and 2929.12, in particular

whether the trial court "failed to take into account his age, the fact that he accepted complete responsibility for his actions, and the fact that he had no other criminal history." This court, however, "'is not a performing bear, required to dance to each and every tune played on appeal.'" *State v. Doty*, 12th Dist. Clermont No. CA2018-07-055, 2019-Ohio-917, ¶ 25, quoting *State v. Gulley*, 12th Dist. Clermont No. CA2005-07-066, 2006-Ohio-2023, ¶ 28. It is also not this court's duty to search the record for evidence to support an appellant's argument (or arguments) as to any alleged error the appellant has raised. *State v. Watson*, 126 Ohio App.3d 316, 321 (12th Dist.1998) ("[i]t is not the duty of an appellate court to search the record for evidence to support an appellant's argument as to any alleged error"), citing *State v. McGuire*, 12th Dist. Preble No. CA95-01-001, 1996 Ohio App. LEXIS 1492, *41 (Apr. 15, 1996).

{¶ 9} Nevertheless, even if Likens had done more than merely request this court to review the record to determine whether the trial court "followed the required statutory policies" set forth in R.C. 2929.11 and 2929.12, the sentence imposed by the trial court was a jointly recommended sentence. Pursuant to R.C. 2953.08(D)(1), "[a] sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." That is to say, a jointly recommended sentence is not reviewable under R.C. 2953.08(D)(1) if "'(1) both, the defendant and the state agree to the sentence, (2) the trial court imposes the agreed sentence, and (3) the sentence is authorized by law.'" *State v. Downing*, 12th Dist. Clermont No. CA2019-05-038, 2019-Ohio-4831, ¶ 7, quoting *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, ¶ 16. "'A sentence is "authorized by law" and is not appealable within the meaning of R.C. 2953.08(D)(1) only if it comports with all mandatory sentencing provisions.'" *State v.*

*Wardlow*, 12th Dist. Butler No. CA2014-01-011, 2014-Ohio-5740, ¶ 12, quoting *Underwood* at paragraph two of the syllabus.

{¶ 10} After a thorough review of the record, we find the trial court's decision to sentence Likens to two consecutive, mandatory 11-year prison terms comports with all mandatory sentencing provisions, thereby rendering that sentence "authorized by law." This includes the allied offenses statute found under R.C. 2941.25(A), as well as the consecutive sentence statute set forth in R.C. 2929.14(C)(4). *See State v. Welsh*, 12th Dist. Butler No. CA2018-11-219, 2019-Ohio-4128, ¶ 8 ("[o]ne such mandatory sentencing provision is R.C. 2941.25[A], the allied offense statute"); and *Wardlow* at ¶ 13 ("[t]he only mandatory sentencing provision that is challenged in the instant case is R.C. 2929.14[C]"). Therefore, because (1) both Likens and the state agreed to the jointly recommended sentence, (2) the trial court imposed the jointly recommended sentence, and (3) the jointly recommended sentence was "authorized by law," the trial court's decision to sentence Likens to the agreed upon sentence of two consecutive, mandatory 11-year prison is not reviewable under R.C. 2953.08(D)(1). Accordingly, because the trial court's sentencing decision is not reviewable by this court under R.C. 2953.08(D)(1), Likens' single assignment of error is overruled.

{¶ 11} Judgment affirmed.

PIPER, P.J., and BYRNE, J., concur.

- 5 -