[Cite as *State v. Carnicom*, 2022-Ohio-987.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HENRY COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,                    CASE NO.  7-21-08

      v.

SHAWN CARNICOM,                        O P I N I O N

      DEFENDANT-APPELLANT.

Appeal from Henry County Common Pleas Court
Trial Court No. 18 CR 0060

Judgment Affirmed

Date of Decision:  March 22, 2022

APPEARANCES:

    *Autumn D. Adams* for Appellant

    *Gwen Howe-Gebers* for Appellee

**ZIMMERMAN, P.J.**

{¶1} Defendant-appellant, Shawn Carnicom ("Carnicom"), appeals the October 25, 2021 judgment of the Henry County Court of Common Pleas revoking his community control and imposing a reserved-prison term. We affirm.

{¶2} On June 27, 2018, the Henry County Grand Jury indicted Carnicom on a single count of felonious assault in violation of R.C. 2903.11(A)(2), a second-degree felony. (Doc. No 2). Carnicom appeared for arraignment on July 11, 2018 and entered a plea of not guilty. (Doc. No. 9).

{¶3} On September 11, 2018, Carnicom withdrew his plea of not guilty and entered a guilty plea, under a negotiated-plea agreement, to the indictment. (Doc. No. 21). Specifically, in exchange for Carnicom's change of plea, the State agreed to a joint-sentencing recommendation. (*Id.*). The trial court accepted Carnicom's guilty plea, found him guilty, and ordered a presentence investigation ("PSI"). (Doc. No. 22).

{¶4} On October 22, 2018, the trial court sentenced Carnicom (based on the joint-sentencing recommendation of the parties) to three years of community control with a reserved seven-year prison term. (Doc. No. 24); (Oct. 22, 2018 Tr. at 5-7). Importantly, Carnicom did not directly appeal his conviction or sentence.

{¶5} On December 11, 2019, the State filed a motion to revoke Carnicom's community control after he was charged with domestic violence in Wood County,

Ohio. (Doc. No. 27). *See also State v. Carnicom*, 6th Dist. Wood No. WD-20-027, 2021-Ohio-1675, ¶ 2-3. On February 11, 2021, Carnicom waived his right to a probable-cause hearing on the State's motion. (Doc. No. 55). Consequently, the case proceeded to the final-revocation hearing, during which the trial court concluded that Carnicom violated the terms and conditions of his community-control sanctions. (*Id.*). That same day, the trial court ordered Carnicom to be supervised under the same terms and conditions of his original community-control sanctions with the additional sanction that he serve 345 days in jail. (*Id.*). The trial court further sentenced Carnicom to an additional year of community control. (*Id.*). Once again, Carnicom did not directly appeal the trial court's determination that he violated the terms and conditions of his community-control sanctions or its imposition of additional sanctions.

{¶6} On August 3, 2021, the State filed a second motion requesting that the trial court revoke Carnicom's community control. (Doc. Nos. 57, 61, 62, 63). On October 25, 2021, Carnicom waived his right to a probable-cause hearing on the State's motion. (Doc. No. 74). As a result, the case proceeded to the final-revocation hearing, during which the trial court concluded that Carnicom violated the terms and conditions of his community-control after Carnicom "admitted to the violations contained in the State's Motion to Revoke Community Control." (*Id.*).

That same day, the trial court revoked Carnicom's community control, and imposed the reserved seven-year prison term. (*Id.*).

{¶7} On November 16, 2021, Carnicom filed a notice of appeal and raises one assignment of error. (Doc. No. 80).

## Assignment of Error

**The Trial Court abused its discretion in sentencing Carnicom to the reserved prison term as no findings for the principles and purposes of sentencing under R.C. 2929.11 or R.C. 2929.12 were made by the judge who originally imposed the reserved prison sentence or the judge who lifted the stay and ordered Carnicom to prison.**

{¶8} In his sole assignment of error, Carnicom challenges the prison sentence imposed by the trial court. Specifically, Carnicom argues that the trial court failed to comply with its statutory obligations under R.C. 2929.11 and 2929.12.

### *Standard of Review*

{¶9} R.C. 2953.08 provides specific grounds for a defendant to appeal a felony sentence. *State v. Underwood*, 124 Ohio St .3d 365, 2010-Ohio-1, ¶ 10. Under R.C. 2953.08(G)(2), an appellate court will reverse a sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Clear and convincing evidence is that "'which will produce in the mind of the trier of facts

a firm belief or conviction as to the facts sought to be established.'" *Id.* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

**{¶10}** However, under R.C. 2953.08(D)(1), "[a] sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." "[A] sentence is 'authorized by law' and is not appealable within the meaning of R.C. 2953.08(D)(1) only if it comports with all sentencing provisions." *Underwood* at ¶ 20. "[W]hen a sentence fails to include a mandatory provision, it may be appealed because such a sentence is 'contrary to law' and is also not 'authorized by law.'" *Id.* at ¶ 21.

*Analysis*

**{¶11}** In this case, Carnicom "requests that this Court reverse not only the imposition of his reserved prison sentence but vacate the entire prison sentence for failing to comply with R.C. 2929.11 and R.C. 2929.12" because "both sentencing hearings are devoid of any analysis under R.C. 2929.11 and 2929.12." (Appellant's Brief at 3). Carnicom asserts that the proper standard of review is the abuse-of-discretion standard of review. It is not. *Accord State v. Likens*, 12th Dist. Madison No. CA2020-10-018, 2021-Ohio-2380, ¶ 5 ("This court 'does not review the sentencing court's decision for an abuse of discretion.'"), quoting *State v. Scott*, 12th Dist. Clermont Nos. CA2019-07-051 and CA2019-07-052, 2020-Ohio-3230, ¶ 54,

citing *Marcum* at ¶ 10. As we stated above, the proper standard of review is "'the standard of review set forth in R.C. 2953.08(G)(2) that governs all felony sentences.'" *Id.*, quoting *State v. Watkins*, 12th Dist. Preble No. CA2020-03-005, 2021-Ohio-163, ¶ 48.

**{¶12}** R.C. 2929.11 provides, in pertinent part, that the "overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A). "In advancing these purposes, sentencing courts are instructed to 'consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.'" *State v. Smith*, 3d Dist. Seneca No. 13-15-17, 2015-Ohio-4225, ¶ 10, quoting R.C. 2929.11(A). "Meanwhile, R.C. 2929.11(B) states that felony sentences must be 'commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim' and also be consistent with sentences imposed in similar cases." *Id.*, quoting R.C. 2929.11(B).

**{¶13}** In accordance with these principles, "R.C. 2929.12(B) through (F) then set out factors for the court to consider relating to matters such as the

seriousness of the offender's conduct, the likelihood of the offender's recidivism, and the offender's service in the armed forces of the United States, if any." *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, ¶ 19. "'A sentencing court has broad discretion to determine the relative weight to assign the sentencing factors in R.C. 2929.12." *Smith* at ¶ 15, quoting *State v. Brimacombe*, 195 Ohio App.3d 524, 2011-Ohio-5032, ¶ 18 (6th Dist.), citing *State v. Arnett*, 88 Ohio St.3d 208, 215 (2000).

{¶14} "[N]either R.C. 2929.11 nor 2929.12 requires a trial court to make any specific factual findings on the record." *Jones* at ¶ 20. *See also State v. Maggette*, 3d Dist. Seneca No. 13-16-06, 2016-Ohio-5554, ¶ 32 ("Although the trial court must consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors listed in R.C. 2929.12, the sentencing court is not required to 'state on the record that it considered the statutory criteria or discuss[ed] them.'"), quoting *State v. Polick*, 101 Ohio App.3d 428, 431 (4th Dist.1995); *Jones* at ¶ 47 (Fischer, J., concurring). "A trial court's statement that it considered the required statutory factors, without more, is sufficient to fulfill its obligations under the sentencing statutes." *Maggette* at ¶ 32, citing *State v. Abrams*, 8th Dist. Cuyahoga No. 103786, 2016-Ohio-4570, citing *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, ¶ 18.

{¶15} Here, Carnicom's sentence was jointly recommended by the parties and imposed by the trial court. Because Carnicom's sentence was jointly

recommended by the parties and imposed by the trial court, this court may review only whether the trial court considered the R.C. 2929.11 and 2929.12 factors. *See Jones* at ¶ 28, 32; *State v. Sergent*, 148 Ohio St.3d 94, 2016-Ohio-2696, ¶ 43. *See also State v. Castro*, 3d Dist. Van Wert No. 15-21-06, 2021-Ohio-4476, ¶ 17-18; *Jones* at ¶ 47-49 (Fischer, J., concurring). Based on our review of the record, Carnicom's sentence is authorized by law. Specifically, the trial court considered the R.C. 2929.11 and 2929.12 factors at Carnicom's October 22, 2018 sentencing hearing and in its sentencing entry. (Oct. 22, 2018 Tr. at 5-6); (Doc. No. 24). Consequently, Carnicom's sentence is not subject to review under R.C. 2953.08(D)(1). *Likens*, 2021-Ohio-2380, at ¶ 10.

**{¶16}** Therefore, Carnicom's assignment of error is overruled.

**{¶17}** Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**MILLER and WILLAMOWSKI, J.J., concur.**

**/jlr**