[Cite as *State v. Coleman*, 2022-Ohio-1811.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
LOGAN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

    v.

ZACKARIAH JOSEPH COLEMAN,

    DEFENDANT-APPELLANT.

CASE NO. 8-21-42

O P I N I O N

Appeal from Logan County Common Pleas Court
Trial Court No. CR 16 10 0296

Judgment Affirmed

Date of Decision:  May 31, 2022

APPEARANCES:

    *Eric J. Allen* for Appellant

    *Stacia L. Rapp* for Appellee

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Zackariah J. Coleman ("Coleman") appeals the judgment of the Logan County Court of Common Pleas, arguing that the trial court erred in ordering him to serve a prison term for violating the conditions of his community control. For the reasons set forth below, the judgment of the trial court is affirmed.

*Facts and Procedural History*

{¶2} On September 27, 2017, a jury found Coleman guilty of one count of gross sexual imposition in violation of R.C. 2907.05(A)(4), a felony of the third degree. Doc. 106, 114. On November 2, 2017, the trial court sentenced Coleman to five years of community control. Doc. 114. The trial court's judgment entry of sentencing contained the following statement:

> **Defendant is notified that any violation of the terms and conditions of community control may result in the Court imposing a longer time under the same sanction, or the Court may impose a more restrictive sanction, or the Court may impose a prison term of five (5) years for the crime of Gross Sexual Imposition.**

Doc. 114. On September 21, 2020, the State filed a motion that alleged that Coleman had committed two violations of the conditions of his community control. Doc. 189. On October 27, 2021, the trial court found that Coleman had admitted to violating the conditions of his community control. Doc. 215. Tr. 7. The trial court then revoked Coleman's community control and ordered him to serve sixty months in prison. Doc. 215. Tr. 16.

*Assignment of Error*

**{¶3}** Coleman filed his notice of appeal on November 24, 2021. Doc. 225. On appeal, he raises the following assignment of error:

> **The trial court erred by imposing the remainder of time for a community control violation.**

Coleman "argue[s] that a far shorter sentence would be appropriate" under the circumstances of this case. Appellant's Brief, 4.

*Legal Standard*

**{¶4}** Under R.C. 2929.15(B), if an offender violates a condition of community control, a trial court has the

> **discretion to impose a longer period of community control, a more restrictive community-control sanction, or a prison term of any length within the range of that available for the original offense, up to the maximum term the trial court specified at the first sentencing hearing.**

*State v. Jackson*, 150 Ohio St.3d 362, 2016-Ohio-8127, 81 N.E.3d 1237, ¶ 13, citing R.C. 2929.15(B).

**{¶5}** Further, "when exercising its sentencing discretion, a trial court must consider the statutory policies that apply to every felony offense, including those set out in R.C. 2929.11 and R.C. 2929.12." *State v. Chears*, 3d Dist. Hancock No. 5-20-24, 2021-Ohio-260, ¶ 11. *See State v. Peoples*, 2022-Ohio-953, --- N.E.3d ---, ¶ 52 (10th Dist.).

> **The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the**

> **offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.**

R.C. 2929.11(A). "To effectuate compliance with these overriding purposes, the Ohio Revised Code requires the trial court to consider a number of factors listed in R.C. 2929.12." *State v. Walton*, 3d Dist. Logan No. 8-17-55, 2018-Ohio-1680, ¶ 6. "The R.C. 2929.12 factors direct the trial court to evaluate the seriousness of the offense and the likelihood of recidivism." *State v. Berry*, 3d Dist. Union No. 14-20-05, 2021-Ohio-1132, ¶ 137. However, "neither R.C. 2929.11 nor 2929.12 requires a trial court to make any specific factual findings on the record." *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 20.

**{¶6}** "Appellate courts defer to the broad discretion of the trial court in matters of sentencing." *State v. Jones*, 3d Dist. Shelby No. 17-19-08, 2019-Ohio-4938, ¶ 7.

> **Under R.C. 2953.08(G)(2), an appellate court will reverse a sentence 'only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law.'**

*State v. Carnicom*, 3d Dist. Henry No. 7-21-08, 2022-Ohio-987, ¶ 9, quoting *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1.

> **Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.**

*State v. Taflinger*, 3d Dist. Logan No. 8-17-20, 2018-Ohio-456, ¶ 12, quoting *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118, (1954), paragraph three of the syllabus.

{¶7} However, "an appellate court may not modify or vacate a felony sentence based upon a finding by clear and convincing evidence that the record does not support the trial court's 'findings' under R.C. 2929.11 and R.C. 2929.12." *State v. Reed*, 3d Dist. Union No. 14-20-16, 2021-Ohio-1623, ¶ 18, citing *Jones*, *supra*, 2020-Ohio-6729, at ¶ 39. Thus,

> **A sentence is contrary to law when it does not fall within the statutory range for the offense or if the trial court fails to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12.**

*Reed* at ¶ 19, quoting *State v. Dorsey*, 2d Dist. Montgomery No. 28747, 2021-Ohio-76, ¶ 18. *See also Peoples*, *supra*, at ¶ 44, quoting *State v. Wilburn*, 10th Dist. Franklin No. 17AP-602, 2018-Ohio-1917, ¶ 8; *State v. Motz*, 2020-Ohio-4356, 158 N.E.3d 641, ¶ 38 (12th Dist.).

*Legal Analysis*

{¶8} On appeal, Coleman does not argue that the trial court imposed a prison sentence in this case that exceeded the maximum term specified by the trial court

for a community control violation at his original sentence hearing. Rather, he only argues that the trial court should have imposed a more lenient sentence for his community control violations based on the facts of this case.

{¶9} At the hearing, the trial court expressly considered the overriding purposes and principles of felony sentencing from R.C. 2929.11. Tr. 14-15. Doc. 215. Further, the trial court found that three of the seriousness factors listed in R.C. 2929.12(B) and three of the recidivism factors listed in R.C. 2929.12(D) were applicable in this case. Tr. 15-16. Thus, the trial court expressly considered the R.C. 2929.12 factors in the process of imposing Coleman's sentence. Tr. 15-16. *See Jones, supra*, 2020-Ohio-6729, at ¶ 39; *Reed, supra*, at ¶ 19.

{¶10} Having reviewed the materials in the record, we conclude that Coleman has not carried the burden of establishing that his sentence is clearly and convincingly contrary to law. Accordingly, Coleman's sole assignment of error is overruled.

*Conclusion*

{¶11} Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgment of the Logan County Court of Common Pleas is affirmed.

***Judgment Affirmed***

**ZIMMERMAN, P.J. and SHAW, J., concur.**

**/hls**