[Cite as *State v. Criswell*, 2022-Ohio-2450.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MARION COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,               CASE NO.  9-21-40

    v.

JEREMY L. CRISWELL,               O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Marion County Common Pleas Court
Trial Court No. 21-CR-107

**Judgment Affirmed**

**Date of Decision:  July 18, 2022**

APPEARANCES:

    *Joel M. Spitzer*  for Appellant

    *Jocelyn Stefancin* for Appellee

**ZIMMERMAN, P.J.**

{¶1} Defendant-appellant, Jeremy L. Criswell ("Criswell"), appeals the November 9, 2021 judgment entry of sentence of the Marion County Court of Common Pleas. For the reasons that follow, we affirm.

{¶2} On March 12, 2021, the Marion County Grand Jury indicted Criswell on Counts One and Three of Involuntary Manslaughter in violation of R.C. 2903.04(A), first-degree felonies, and Count Two of having weapons while under disability in violation of R.C. 2923.13(A)(3), a third-degree felony. The indictment includes a firearm specification under R.C. 2941.145 and 2929.14(D) as to Counts One and Three. Criswell appeared for arraignment on March 22, 2021 and entered pleas of not guilty.

{¶3} On October 12, 2021, Criswell withdrew his pleas of not guilty and entered a plea of no contest, under a negotiated-plea agreement, to Count One of the indictment. Specifically, in exchange for Criswell's change of plea, the State agreed to dismiss Counts Two and Three and the firearm specification. The trial court accepted Criswell's no-contest plea, found him guilty, and dismissed Counts Two and Three and the firearm specification.

{¶4} On October 29, 2021, the trial court sentenced Criswell to a minimum term of 8 years in prison to a maximum term of 12 years in prison.[1] (Doc. No. 109).

---

[1] The trial court filed its judgment entry of sentence on November 9, 2021. (Doc. No. 109).

{¶5} On November 22, 2021, Criswell filed a notice of appeal and raises two assignments of error.

**Assignment of Error No. I**

**The trial court abused its discretion by imposing a prison sentence contrary to R.C. 2929.11 and the purposes and principles of the felony sentencing guidelines.**

**Assignment of Error No. II**

**The indefinite sentence ordered, of eight (8) to eleven (11) [sic] years in prison, by the trial court under S.B. 201, under the "Reagan Tokes Law" is unconstitutional because it is a violation of Appellant's due process rights under Article I, Section 16 of the Ohio Constitution, and the Fifth Amendment to the United States Constitution.**

{¶6} In his assignments of error, Criswell argues that this court should reverse his sentence because the 8-to-12 year prison sentence is contrary to the purposes and principles of felony sentencing as outlined under R.C. 2929.11 and because his sentence is contrary to law. In particular, under his first assignment of error, Criswell contends that the record does not support the trial court's minimum eight-year prison term. Under his second assignment of error, Criswell specifically argues that his sentence, imposed under Ohio's current sentencing scheme (commonly known as the "Reagan Tokes Law"), is unconstitutional as applied to him.

*Standard of Review*

**{¶7}** Under R.C. 2953.08(G)(2), an appellate court will reverse a sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Clear and convincing evidence is that "'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Id.* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

*Analysis*

**{¶8}** First, we will address Criswell's first assignment of error challenging the trial court's imposition of a minimum eight-year prison term. As an initial matter, Criswell asserts that the proper standard of review is the abuse-of-discretion standard of review. It is not. *Accord State v. Likens*, 12th Dist. Madison No. CA2020-10-018, 2021-Ohio-2380, ¶ 5 ("This court 'does not review the sentencing court's decision for an abuse of discretion.'"), quoting *State v. Scott*, 12th Dist. Clermont Nos. CA2019-07-051 and CA2019-07-052, 2020-Ohio-3230, ¶ 54, citing *Marcum* at ¶ 10. As we stated above, the proper standard of review is "'the standard of review set forth in R.C. 2953.08(G)(2) that governs all felony sentences.'" *Id.*,

quoting *State v. Watkins*, 12th Dist. Preble No. CA2020-03-005, 2021-Ohio-163, ¶ 48.

**{¶9}** When imposing a sentence, "'trial courts have full discretion to impose any sentence within the statutory range.'" *State v. Smith*, 3d Dist. Seneca No. 13-15-17, 2015-Ohio-4225, ¶ 10, quoting *State v. Noble*, 3d Dist. Logan No. 8-14-06, 2014-Ohio-5485, ¶ 9, citing *State v. Saldana*, 3d Dist. Putnam No. 12-12-09, 2013-Ohio-1122, ¶ 20. Here, as a first-degree felony, involuntary manslaughter carries an indefinite-minimum sanction of 3-years to 11-years of imprisonment. R.C. 2903.04(A), (C), 2929.14(A)(1)(a). *See also* R.C. 2929.144(B)(1). Because the trial court sentenced Criswell to a minimum term of 8 years in prison, the trial court's sentence is within the statutory range and is appropriately calculated to have a maximum term of 12 years in prison. "[A] sentence imposed within the statutory range is 'presumptively valid' if the [trial] court considered applicable sentencing factors." *State v. Maggette*, 3d Dist. Seneca No. 13-16-06, 2016-Ohio-5554, ¶ 31, quoting *State v. Collier*, 8th Dist. Cuyahoga No. 95572, 2011-Ohio-2791, ¶ 15.

**{¶10}** In this case, because Criswell challenges only the trial court's application of R.C. 2929.11, we will address only that statute. R.C. 2929.11 provides, in its pertinent part, that the

> overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those

purposes without imposing an unnecessary burden on state or local government resources.

R.C. 2929.11(A). "In advancing these purposes, sentencing courts are instructed to 'consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.'" *Smith* at ¶ 10, quoting R.C. 2929.11(A). "Meanwhile, R.C. 2929.11(B) states that felony sentences must be 'commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim' and also be consistent with sentences imposed in similar cases." *Id.*, quoting R.C. 2929.11(B).

{¶11} "Although the trial court must consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 * * * , the sentencing court is not required to 'state on the record that it considered the statutory criteria or discuss[ed] them.'" *Maggette* at ¶ 32, quoting *State v. Polick*, 101 Ohio App.3d 428, 431 (4th Dist.1995). "A trial court's statement that it considered the required statutory factors, without more, is sufficient to fulfill its obligations under the sentencing statutes." *Id.*, citing *State v. Abrams*, 8th Dist. Cuyahoga No. 103786, 2016-Ohio-4570, citing *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, ¶ 18.

{¶12} At Criswell's sentencing hearing and in its sentencing entry, the trial court considered the principles and purposes of felony sentencing in accordance with R.C. 2929.11. (Nov. 4, 2021 Tr. at 9-11); (Doc. No. 109). Nevertheless,

Criswell contends that the record does not support the trial court's sentence because he has "not been in any major trouble for a substantial period of time prior to this offense and the entire incident was a tragic incident likely to not repeat itself." (Appellant's Brief at 5).

{¶13} However, the Supreme Court of Ohio recently directed Ohio's courts of appeal that R.C. 2953.08(G)(2)(a) "clearly does not provide a basis for an appellate court to modify or vacate a sentence if it concludes that the record does not support the sentence under R.C. 2929.11 and R.C. 2929.12 because * * * R.C. 2929.11 and R.C. 2929.12 are not among the statutes listed in the provision." *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, ¶ 31. As a result, this court may not modify or vacate a felony sentence based on a finding by clear and convincing evidence that the record does not support the trial court's findings under R.C. 2929.11 or 2929.12. *State v. Reed*, 3d Dist. Union No. 14-20-16, 2021-Ohio-1623, ¶ 19, citing *Jones* at ¶ 32-39. Consequently, "'when reviewing felony sentences that are imposed solely after considering the factors in R.C. 2929.11 and R.C. 2929.12, we shall no longer analyze whether those sentences are unsupported by the record. We simply must determine whether those sentences are contrary to law.'" *Id.*, quoting *State v. Dorsey*, 2d Dist. Montgomery No. 28747, 2021-Ohio-76, ¶ 18.

**{¶14}** Therefore, because Criswell's sentence is within the sentencing range and the trial court considered the principles and purposes of felony sentencing set forth in R.C. 2929.11, Criswell's sentence is not contrary to law. *See, e.g.*, *id.*

**{¶15}** Turning to Criswell's second assignment of error, Criswell challenges the constitutionality of the Reagan Tokes Law as applied to him—namely, Criswell alleges that the Reagan Tokes Law violates his right to due process of law. In situations in which "it is claimed that a statute is unconstitutional as applied, the challenger must present clear and convincing evidence of a presently existing set of facts that make the statute unconstitutional and void when applied to those facts." *State v. Brown*, 3d Dist. Marion No. 9-10-12, 2010-Ohio-4546, ¶ 10, citing *Harrold v. Collier*, 107 Ohio St.3d 44, 2005-Ohio-5334, ¶ 38, citing *Belden v. Union Central Life Ins. Co.*, 143 Ohio St. 329 (1944), paragraph six of the syllabus.

**{¶16}** However, our review of the record reflects that Criswell is attempting to, on appeal, raise his constitutional argument for the first time. ""''The question of constitutionality of a statute must generally be raised at the first opportunity and, in a criminal prosecution this means in the trial court.'''" *State v. Bagley*, 3d Dist. Allen No. 1-13-31, 2014-Ohio-1787, ¶ 70, quoting *State v. Rowland*, 3d Dist. Hancock No. 5-01-28, 2002 WL 479163, *1 (Mar. 29, 2002), quoting *State v. Awan*, 22 Ohio St.3d 120, 122 (1986). This applies to the constitutionality of a statute's application (as argued by Criswell). *Id.*, citing *Awan* at syllabus.

{¶17} "The Supreme Court of Ohio has held that, '"[f]ailure to raise at the trial court level the issue of the constitutionality of a statute or its application, which issue is apparent at the time of trial, constitutes a waiver of such issue and a deviation from this state's orderly procedure, and therefore need not be heard for the first time on appeal."'" *State v. Heft*, 3d Dist. Logan No. 8-09-08, 2009-Ohio-5908, ¶ 29, quoting *State v. Rice*, 3d Dist. Allen Nos. 1-02-15, 1-02-29, and 1-02-30, 2002-Ohio-3951, ¶ 7, quoting *Awan* at syllabus. "However, the waiver doctrine * * * is discretionary; thus, 'even where waiver is clear, a reviewing court may consider constitutional challenges to the application of statutes in specific cases of plain error or where the rights and interests involved may warrant it.'" *Id.*, quoting *Rice* at ¶ 7, citing *In re M.D.*, 38 Ohio St.3d 149 (1988), syllabus. Nevertheless, "'"discretion will not ordinarily be exercised to review such claims, where the right sought to be vindicated was in existence prior to or at the time of trial."'" *Id.*, quoting *Rice* at ¶ 7, quoting *State v. 1981 Dodge Ram Van*, 36 Ohio St.3d 168, 170-171 (1988), quoting *State v. Woodards*, 6 Ohio St.2d 14, 21 (1966).

{¶18} Here, Criswell failed to challenge the trial court's application of the Reagan Tokes Law at his sentencing hearing. Consequently, Criswell waived his argument on appeal.

{¶19} Notwithstanding Criswell's failure to raise his argument in the trial court, we will address the merits of his argument in the interest of justice. On

appeal, Criswell contends that the Reagan Tokes Law (as applied to him) deprives him "of his constitutional right of due process because [he] would not be before the trial court at the time the Ohio Department of Rehabilitation and Correction holds the hearing described in [R.C.] 2967.271." (Appellant's Brief at 6).

**{¶20}** However, this court previously determined the constitutionality of the Reagan Tokes Law. *Accord State v. Hacker*, 3d Dist. No. 8-20-01, 2020-Ohio-5048, ¶ 18-23. Nevertheless, we continue to follow our sister appellate districts by holding that the Reagan Tokes Law does not violate a defendant's constitutional right to due process of law. *Accord State v. Maddox*, 6th Dist. Lucas No. L-19-1253, 2022-Ohio-1350, ¶ 7, citing *State v. Wolfe*, 5th Dist. Licking No. 2020CA00021, 2020-Ohio-5501, ¶ 41-84 (Gwin, J., concurring in part and dissenting in part). Accordingly, Criswell's sentence is not contrary to law.

**{¶21}** For these reasons, Criswell's first and second assignments of error are overruled.

*Judgment Affirmed*

**MILLER and WILLAMOWSKI, J.J., concur.**

**/jlr**