[Cite as *State v. Miller*, 2023-Ohio-3844.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
MARION COUNTY

STATE OF OHIO

        CASE NO. 9-23-27

    PLAINTIFF-APPELLEE,

v.

NATHANIEL ALLAN MILLER,        O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Marion County Common Pleas Court
Trial Court No. 22-CR-338

Judgment Affirmed

Date of Decision: October 23, 2023

APPEARANCES:

    *W. Joe Edwards* for Appellant

    *Raymond A. Grogan, Jr.* for Appellee

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Nathaniel Miller ("Miller") brings this appeal from the judgment of the Court of Common Pleas of Marion County sentencing him to a prison term of 18 months. Miller claims on appeal that the trial court erred by sentencing him to a maximum sentence. For the reasons set forth below, the judgment is affirmed.

{¶2} On June 8, 2022, the Marion County Grand Jury indicted Miller on one count of rape in violation of R.C. 2907.02(A)(2), (B), a felony of the first degree and two counts of gross sexual imposition in violation of R.C. 2907.05(A)(1), (C)(1), felonies of the fourth degree. Miller entered pleas of not guilty to all counts. The State and Miller entered into a plea agreement on March 13, 2023, in which Miller agreed to enter a guilty plea to gross sexual imposition and the State agreed to dismiss the rape charge and one of the gross sexual imposition charges. The trial court accepted the plea and found Miller guilty of gross sexual imposition.

{¶3} A sentencing hearing was held on March 13, 2023. The trial court ordered Miller to serve a prison term of 18 months, which is the maximum term authorized. The trial court also gave Miller credit for 306 days of jail time. Doc. 56. Miller appealed from this judgment and on appeal raises the following assignment of error.

> **The trial court erred when it sentenced [Miller] to the maximum sentence for gross sexual imposition when he only pled guilty to one count of the indictment.**

{¶4} The sole assignment of error alleges that the trial court erred by imposing a maximum sentence because Miller was only convicted of one count and the trial court did not state any reasons for doing so. A review of Miller's brief indicates that Miller is arguing that the trial court incorrectly applied the factors listed in R.C. 2929.12. Our standard of review in this matter is whether the sentence is clearly and convincingly contrary to law. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 10, 59 N.E.3d 1231 (holding that appellate courts may not apply an abuse of discretion standard to sentencing term challenges) and R.C. 2953.08(G)(2). The Supreme Court of Ohio has further limited the review of the sentence imposed by an appellate court by holding that R.C. 2953.08(G)(2)(b) "does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." *State v. Jones,* 163 Ohio St.3d 242, 2020-Ohio-6729, ¶ 39, 169 N.E.3d 649. A trial court has full discretion to impose any sentence within the statutory range. *State v. Johnson*, 3d Dist. Allen No. 1-20-48, 2021-Ohio-1768, 173 N.E.3d 94. When reviewing felony sentences that are imposed solely after applying R.C. 2929.11 and R.C. 2929.12, this Court shall no longer analyze whether those sentences are unsupported by the record. Our task is simply to determine whether those sentences are contrary to law. *State v. Criswell*, 3d Dist. Marion No. 9-21-40, 2022-Ohio-2450, ¶ 13.

{¶5} Miller was convicted of a felony of the fourth degree. The authorized prison sentence range for a conviction of a felony of the fourth degree is a definite term of six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months. R.C. 2929.14(A)(4). Thus, the sentence imposed was within the statutory range.

{¶6} This Court has no authority under R.C. 2953.08(G)(2) to reverse the sentence on the grounds that the record does not support the trial court's application of R.C. 2929.11 and 2929.12. The trial court considered the statutory factors set forth in R.C. 2929.12 and considered the overriding purposes of felony sentencing set forth in R.C. 2929.11. The sentence imposed was within the statutory range of sentences. Thus, the sentence imposed was not contrary to law. The assignment of error is overruled.

{¶7} Having found no error in the particulars assigned and argued, the judgment of the Court of Common Pleas of Marion County is affirmed.

*Judgment Affirmed*

**MILLER, P.J. and WALDICK, J., concur.**

**/hls**