[Cite as *State v. Riggleman*, 2016-Ohio-5179.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
|  | : | JUDGES: |
| STATE OF OHIO | : | Hon. Sheila G. Farmer, P.J. |
|  | : | Hon. W. Scott Gwin, J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 16-CA-9 |
| DILLON R. RIGGLEMAN | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Criminal appeal from the Licking County
                                Court of Common Pleas, Case No.
                                15CR727


JUDGMENT:                       Affirmed


DATE OF JUDGMENT ENTRY:         July 29, 2016


APPEARANCES:

For Plaintiff-Appellee                  For Defendant-Appellant

BRYAN MOORE                             ANDREW T. SANDERSON
Assistant Prosecuting Attorney          Burkett & Sanderson, Inc.
20 South Second Street                  73 North Sixth Street
Newark, OH  43055                       Newark, OH 43055

*Gwin, P.J.*

{¶1}  Appellant Dillon R. Riggleman ["Riggleman"] appeals his conviction and sentence after a negotiated guilty plea in the Licking County Court of Common Pleas.

*Facts and Procedural History*

{¶2}  The statement of the facts provided by the prosecuting attorney, and presented during the change of plea hearing is as follows,

> As to both counts on February 23rd, 2015, Newark Police Department
> officers were summoned to the Speedway Gas Station on East Main Street
> in Newark, Ohio.  A cashier called after observing a male passed out in a
> truck at a pump in the middle of the night.  Officers found the defendant,
> Dillon R. Riggleman, alone in the vehicle, sleeping with a smoking pipe in
> one hand and a lighter in the other.  They aroused him and although
> exceptionally disoriented at the time and place, he was able to state that he
> had been using Methamphetamine.  The pipe was tested and found to be
> positive for Methamphetamine, a Schedule II controlled substance.  All of
> this occurring in Licking County, Ohio.

T. at 9-10.  Riggleman agreed with these facts.  T. at 10.  *See, also Bill of Particulars,* filed Dec. 4, 2015.

{¶3}  On January 20, 2016, Riggleman pleaded guilty to one count of Aggravated Possession of Drugs, a felony of the fifth degree, and one count of Possession of Drug Paraphernalia, a misdemeanor of the fourth degree.  The trial judge sentenced Riggleman to 6 months in prison and 30 days in jail on each respective count, those sentences

running concurrent. Riggleman was credited with days of jail credit towards that sentence.

*Assignment of Error*

{¶4} Riggleman raises one assignment of error,

{¶5} "I. THE DEFENDANT-APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL."

*Law and Analysis*

{¶6} A claim of ineffective assistance of counsel requires a two-prong analysis. The first inquiry is whether counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of any of defense counsel's essential duties to appellant. The second prong is whether the appellant was prejudiced by counsel's ineffectiveness. *Lockhart v. Fretwell*, 506 U.S. 364, 113 S.Ct. 838, 122 L.Ed.2d 180(1993); *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674(1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373(1989).

{¶7} In order to warrant a finding that trial counsel was ineffective, the petitioner must meet both the deficient performance and prejudice prongs of *Strickland* and *Bradley. Knowles v. Mirzayance*, 556 U.S. 111, 129 S.Ct. 1411, 1419, 173 L.Ed.2d 251(2009).

{¶8} Recently, the United States Supreme Court discussed the prejudice prong of the *Strickland* test,

> With respect to prejudice, a challenger must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id., at

694, 104 S.Ct. 2052.  It is not enough "to show that the errors had some conceivable effect on the outcome of the proceeding."  Id., at 693, 104 S.Ct. 2052.  Counsel's errors must be "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."  Id., at 687, 104 S.Ct. 2052.

"Surmounting *Strickland's* high bar is never an easy task."  *Padilla v. Kentucky*, 559 U.S. ——, ——, 130 S.Ct. 1473, 1485, 176 L.Ed.2d 284 (2010).  An ineffective-assistance claim can function as a way to escape rules of waiver and forfeiture and raise issues not presented at trial, and so the *Strickland* standard must be applied with scrupulous care, lest "intrusive post-trial inquiry" threaten the integrity of the very adversary process the right to counsel is meant to serve.  *Strickland*, 466 U.S., at 689–690, 104 S.Ct. 2052.  Even under de novo review, the standard for judging counsel's representation is a most deferential one.  Unlike a later reviewing court, the attorney observed the relevant proceedings, knew of materials outside the record, and interacted with the client, with opposing counsel, and with the judge.  It is "all too tempting" to "second-guess counsel's assistance after conviction or adverse sentence."  Id., at 689, 104 S.Ct. 2052; *see also Bell v. Cone*, 535 U.S. 685, 702, 122 S.Ct. 1843, 152 L.Ed.2d 914 (2002); *Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993).  The question is whether an attorney's representation amounted to incompetence under "prevailing professional norms," not whether it deviated from best practices or most common custom.  *Strickland*, 466 U.S., at 690, 104 S.Ct. 2052.

*Harrington v. Richter*, __U.S.__, 131 S.Ct. 770, 777-778, 178 L.Ed.2d 624(2011).

{¶9} Riggleman contends that his trial counsel was ineffective because he did not offer mitigating evidence during the change of plea and sentencing hearing.

{¶10} "Failure to present mitigating evidence * * * does not in itself constitute proof of ineffective assistance[.]" *State v. Hamblin*, 37 Ohio St.3d 153, 157, 524 N.E.2d 476, 480(1988). *Accord Burger v. Kemp*, 483 U.S. 776, 794-796, 107 S.Ct. 3114, 97 L.Ed.2d 638(1987); *State v. Coleman,* 85 Ohio St.3d 129, 138, 1999-Ohio-258, 707 N.E.2d 476; *State v. Keith*, 79 Ohio St.3d 514, 684 N.E.2d 47(1997).

{¶11} In the case at bar, the trial court stated it had considered the purposes and principles of sentencing under R.C. 2929.11. T. at 16. During the colloquy, Riggleman informed the court that he has felonies pending in another county. T. at 16; 20.

{¶12} In *Burger v. Kemp,* the Court observed,

We have decided that "strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Strickland*, 466 U.S., at 690–691, 104 S.Ct., at 2066. Applying this standard, we agree with the courts below that counsel's decision not to mount an all-out investigation into petitioner's background in search of mitigating circumstances was supported by reasonable professional judgment. It appears that he did interview all potential witnesses who had been called to his attention and that there was a reasonable basis for his strategic decision that an explanation of petitioner's history would not have minimized the risk of the death penalty. Having made this judgment, he

reasonably determined that he need not undertake further investigation to locate witnesses who would make statements about Burger's past.

483 U.S. at 794-795; 107 S.Ct. 3114, 97 L.Ed.2d 638.

**{¶13}** In the case at bar, there has been no showing in the record of this case that any mitigating evidence was in existence or that there were witnesses available whose testimony would have assisted the defense. Nothing in the record demonstrates that more mitigation material, if any existed, would have resulted in a lesser sentence. The failure to prove either prong is fatal. *State v. Madrigal*, 87 Ohio St.3d 378, 389, 2000–Ohio–448, 721 N.E.2d 52. Further, at the sentencing hearing and again in the sentencing entry, the trial court expressly indicated it considered all sentencing factors as required by law.

**{¶14}** Riggleman has not established that "in light of all the circumstances, the identified acts or omissions [of counsel] were outside the wide range of professionally competent assistance." *Strickland,* 466 U.S. at 690, 104 S.Ct. 2052, 80 L.Ed.2d 674. He "has made no showing that the justice of his sentence was rendered unreliable by a breakdown in the adversary process caused by deficiencies in counsel's assistance." *Strickland*, at 700, 104 S.Ct. 2052, 80 L.Ed.2d 674. *Accord, Burger v. Kemp*, 483 U.S. at 795-796, 107 S.Ct. 3114, 97 L.Ed.2d 638.

**{¶15}** Riggleman's sole assignment of error is overruled.

{¶16} The judgment of the Licking County Court of Common Pleas is affirmed.


By Gwin, J.,

Farmer, P.J., and

Hoffman, J., concur