[Cite as *State v. Oliver*, 2021-Ohio-1002.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## UNION COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                      CASE NO. 14-20-23

    v.

PAUL E. OLIVER,                             **O P I N I O N**

    DEFENDANT-APPELLANT.

Appeal from Union County Common Pleas Court

Trial Court No. 20-CR-0062

**Judgment Affirmed**

**Date of Decision: March 29, 2021**

APPEARANCES:

    *Alison Boggs* **for Appellant**

    *David W. Phillips* **for Appellee**

**SHAW, J.**

{¶1} Defendant-appellant, Paul E. Oliver ("Oliver"), brings this appeal from the October 9, 2020 judgment of the Union County Common Pleas Court sentencing him to an aggregate, indefinite prison term with a minimum of 33 years, 10 months, to a maximum of 34 years, 10 months. On appeal, Oliver argues his sentence was clearly and convincingly contrary to law.

*Background*

{¶2} On April 16, 2020, Oliver was indicted for 17 counts of Illegal Use of Minor in Nudity Oriented Material or Performance in violation of R.C. 2907.323(A)(1), all felonies of the second degree (Counts 1, 2, 5, 6, 11, 17-19, 22-30), 13 counts of Pandering Sexually-Oriented Matter Involving a Minor in violation of R.C. 2907.322(A)(1) (Counts 3, 4, 7-10, 12-16, 20-21), all felonies of the second degree, and 2 counts of Voyeurism in violation of R.C. 2907.08(C) (Counts 31, 32), both felonies of the fifth degree. It was alleged that, as part of an investigation, Oliver's electronic devices were searched and found to contain over 500 "images of interest" related to child pornography, the vast majority being images of pre-pubescent females in various states of nudity. Over 100 of the images of the pre-pubescent females in various states of nudity were edited/altered to have the face of Oliver's 10-year old step-daughter and/or her friends, all of whom were under the age of 14.

{¶3} Further, it was alleged that Oliver took a picture of his 10-year old stepdaughter while she was naked and bent over in the bathroom by allegedly putting his phone underneath the bathroom door. Oliver then altered those photographs of his step-daughter. "Three pictures were located of [the step-daughter] photoshopped from the bathroom photo, placing her bent over her own bed. [Oliver] was photo[]shopped naked (one with clothes on but with his penis out) and he is holding his penis in his hand. One picture has a rope around [step-daughter's] neck." (Doc. No. 12). In sum, the indictment charged Oliver with being in possession of, and/or creating, video and photographic files depicting minor children in a state of nudity and/or engaging in sexual activity with other children and with adults.

{¶4} Pursuant to a written, negotiated plea agreement, Oliver agreed to plead guilty to 10 counts of Illegal Use of Minor in Nudity Oriented Material or Performance in violation of R.C. 2907.323(A)(1) (Counts 1, 2, 6, 24-30), all felonies of the second degree, 6 counts of Pandering Sexually-Oriented Matter Involving a Minor in violation of R.C. 2907.322(A)(1) (Counts 3, 8, 9, 10, 13, 15), all felonies of the second degree, and 2 counts of Voyeurism in violation of R.C. 2907.08(C) (Counts 31, 32), both felonies of the fifth degree. Oliver also specifically agreed in writing that none of the offenses were subject to merger. In exchange for Oliver's pleas the State agreed to dismiss the remaining charges against him.

{¶5} A change-of-plea hearing was held wherein the plea agreement was recited to the trial court. After the plea agreement was recited, the trial court conducted a Crim.R. 11 hearing wherein Oliver knowingly, intelligently, and voluntarily waived his rights and entered his pleas pursuant to the written agreement. Further, Oliver acknowledged that the maximum, consecutive sentence he could possibly receive was an indefinite prison term of 130 to 134 years.

{¶6} On October 8, 2020, the matter proceeded to sentencing. At sentencing the State argued for an aggregate prison sentence of at least 15 years, and the defense argued in mitigation for an aggregate prison sentence under 5 years. Ultimately the trial court sentenced Oliver to 2 years in prison on each of the 16 second degree felonies, and 11 months in prison on each of the fifth degree felonies. All the prison terms were ordered to be served consecutive to each other, for an aggregate indefinite prison term of 33 years, 10 months, to a maximum of 34 years, 10 months. A judgment entry memorializing Oliver's sentence was filed October 9, 2020. It is from this judgment that Oliver appeals, asserting the following assignments of error for our review.

**Assignment of Error No. 1**
**The trial court erred when it imposed consecutive sentences as the record does not support consecutive sentences and the sentence is contrary to law.**

**Assignment of Error No. 2**
**Appellant was deprived effective assistance of counsel when counsel was not prepared to fully argue consistency-in-sentencing**

**when asking the court to consider a four year and eleven month sentence.**

*First Assignment of Error*

{¶7} In his first assignment of error, Oliver argues that even though the trial court indicated it had considered R.C. 2929.11 and R.C. 2929.12 when sentencing him, the trial court did not expressly state how it had balanced certain mitigating factors that Oliver contends weighed in his favor. Further, Oliver argues that the trial court's decision to impose consecutive sentences was "purely arbitrary" and was not supported by the record. (Appt.'s Br. at 8).

Standard of Review

{¶8} Under R.C. 2953.08(G)(2), an appellate court will reverse a sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Clear and convincing evidence is that " 'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.' " *Id.* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

Prison Terms

{¶9} " 'The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give

its reasons for imposing maximum or more than [a] minimum sentence[ ].' " *State v. Castle*, 2d Dist. Clark No. 2016-CA-16, 2016-Ohio-4974, ¶ 26, quoting *State v. King*, 2d Dist. Clark No. 2012-CA-25, 2013-Ohio-2021, ¶ 45; *State v. White*, 3d Dist. Marion No. 9-19-32, 2020-Ohio-717, ¶ 8. Nevertheless, when exercising its sentencing discretion, a trial court must consider the statutory policies that apply to every felony offense, including those set out in R.C. 2929.11 and R.C. 2929.12. *State v. Kerns*, 3d Dist. Logan No. 8-18-05, 2018-Ohio-3838, ¶ 8, citing *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, ¶ 38.

{¶10} Revised Code 2929.11 provides that sentences for a felony shall be guided by the overriding purposes of felony sentencing: "to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A). In order to comply with those purposes and principles, R.C. 2929.12 instructs a trial court to consider various factors set forth in the statute relating to the seriousness of the offender's conduct and to the likelihood of the offender's recidivism. R.C. 2929.12(A)-(E).

{¶11} In this case, Oliver was convicted of 16 second degree felonies. Pursuant to R.C. 2929.14(A)(2)(a), the prison term for a second degree felony "shall be an indefinite prison term with a stated minimum term selected by the court of

two, three, four, five, six, seven, or eight years and a maximum term that is determined pursuant to section 2929.144 of the Revised Code[.]" Under R.C. 2929.144(B)(1), the maximum prison term for a qualifying felony of the second degree shall be equal to the "minimum term imposed * * * plus fifty per cent of that term." For each of the 16 felonies of the second degree in this case Oliver was sentenced to a stated minimum 2 year prison term, with a maximum prison term of 3 years. Those prison terms were compliant with the appropriate statutes. For each of the felonies of the fifth degree, Oliver was sentenced to 11 month prison terms, less than the maximum-possible 12 month prison terms for a fifth degree felony pursuant to R.C. 2929.14(A)(5).[1] Thus all of Oliver's prison terms were compliant with the appropriate statutes and are presumptively valid. *State v. Maggette*, 3d Dist. Seneca No. 13-16-06, 2016-Ohio-5554, ¶ 31.

{¶12} Moreover, at the sentencing hearing, the trial court referenced the requisite sentencing statutes, specifically indicating that it had considered the principles and purposes of sentencing in R.C. 2929.11 and stating that it had balanced the seriousness and recidivism factors under R.C. 2929.12. The trial court's findings were incorporated into its judgment entry, further indicating it had considered R.C. 2929.11 and 2929.12. Importantly, "[a] trial court's statement that it considered the required statutory factors, without more, is sufficient to fulfill its

---

[1] "For a felony of the fifth degree, the prison term shall be a definite term of six, seven, eight, nine, ten, eleven, or twelve months." R.C. 2929.14(A)(5).

obligations under the sentencing statutes." *Maggette*, 2016-Ohio-5554, at ¶ 32, citing *State v. Abrams*, 8th Dist. Cuyahoga No. 103786, 2016-Ohio-4570, citing *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, ¶ 18. Therefore not only was the sentence in this case presumptively valid, the trial court also indicated that it considered the appropriate statutes, which establishes that the prison terms are not clearly and convincingly contrary to law for purposes of appeal.

{¶13} Furthermore, to the extent that Oliver seeks to have this Court modify his prison terms, we emphasize that the Supreme Court of Ohio recently clarified an appellate court's review of a felony sentence under R.C. 2953.08(G)(2). *State v. Jones*, --- Ohio St.3d ---, 2020-Ohio-6729, ¶ 39. The Supreme Court of Ohio determined that R.C. 2953.08(G)(2)(a) "clearly does not provide a basis for an appellate court to modify or vacate a sentence if it concludes that the record does not support the sentence under R.C. 2929.11 and R.C. 2929.12 because * * * R.C. 2929.11 and R.C. 2929.12 are not among the statutes listed in the provision." *Id.* at ¶ 31. Thus, the Supreme Court of Ohio concluded that an appellate court may not modify or vacate a felony sentence based upon a finding by clear and convincing evidence that the record does not support the trial court's "findings" under R.C. 2929.11 and R.C. 2929.12. *Id.* at ¶ 42 ("Nothing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its

judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12.").

{¶14} In *Jones*, the Supreme Court of Ohio also confirmed that R.C. 2953.08(G)(2)(b) does not provide a mechanism for an appellate court to modify or vacate a felony sentence based upon a finding that the sentence is "contrary to law" because it clearly and convincingly is not supported by the record under R.C. 2929.11 and R.C. 2929.12. *Id.* at ¶ 32-39. "As a result of the Supreme Court's holding in *Jones*, when reviewing felony sentences that are imposed solely after considering the factors in R.C. 2929.11 and R.C. 2929.12, we shall no longer analyze whether those sentences are unsupported by the record. We simply must determine whether those sentences are contrary to law." *State v. Dorsey*, 2d Dist. Montgomery No. 28747, 2021-Ohio-76, ¶ 18. "A sentence is contrary to law when it does not fall within the statutory range for the offense or if the trial court fails to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12." *Id.* citing *State v. Brown*, 2d Dist. No. 2016-CA-53, 2017-Ohio-8416, ¶ 74; *see State v. D-Bey*, 8th Dist. Cuyahoga No. 109000, 2021-Ohio-60, ¶ 65.

{¶15} In sum, the record demonstrates that the prison terms imposed by the trial court in this case are within the statutory range and that the trial court considered the requisite statutory factors in R.C. 2929.11 and 2929.12 when it

fashioned Oliver's aggregate sentence. Thus, Oliver cannot demonstrate that his sentence is clearly and convincingly contrary to law, and his sentences must therefore be affirmed. *See Burks*, 2d Dist. Clark No. 2019-CA-70, 2021-Ohio-224, ¶ 9, ("Under *Jones*, this ends the inquiry regarding the individual sentences. Thus, there is no basis upon which to modify or vacate either individual sentence."); *see also, D-Bey, supra*, ¶ 75, citing *Jones* at ¶ 39 (concluding that "this court cannot review D-Bey's sentences to determine whether they are 'excessive' or otherwise not 'supported by the record under R.C. 2929.11 and 2929.12.' ").

Consecutive Sentences

{¶16} Oliver next argues that the trial court's decision to implement consecutive sentences was "purely arbitrary." Pursuant to R.C. 2929.14(C)(4), in order to impose consecutive sentences, a trial court must find on the record that consecutive sentences are "necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." *State v. Grate*, --- Ohio St.3d ---, 2020-Ohio-5584, ¶ 205. A trial court must then also find that at least one or more of the aggravating factors in R.C. 2929.14(C)(4)(a) through (c) are present.

{¶17} In *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, ¶ 37, the Supreme Court of Ohio held that a trial court must make the requisite statutory

findings before imposing consecutive sentences "at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings."

{¶18} In this case, the trial court made the appropriate consecutive sentencing findings at the sentencing hearing and in its final judgment entry of sentence. On appeal, Oliver does not even attempt to argue that the trial court failed to make any of the appropriate findings; rather, he contends that the trial court's consecutive sentence findings were unsupported by the record. Importantly, and contrary to Oliver's argument, a trial court has *no obligation to state reasons to support its findings*. *Bonnell* at ¶ 37. For this reason alone we could overrule Oliver's assignment of error.

{¶19} Nevertheless, the record reflects that Oliver had hundreds of images of child pornography on his electronic devices. Oliver also altered photos that he had obtained, placing himself in them with the children engaged in child pornography. Oliver then went even further, taking nude photographs of his 10-year old step daughter, then altering the photograph so that it looked like she was in a bedroom with Oliver preparing to penetrate her. He created numerous other photographs of his step-daughter as well.

{¶20} Moreover, Oliver used vacation photos of his step-daughter's friends, aged 9-11, and placed their faces onto photographs of other children engaged in

child pornography. He created in excess of 100 photographs of his step-daughter and six of her friends. In total, Oliver possessed 595 images relating to child pornography and 10 videos. Some depicted children as young as 8 years old.

{¶21} Based on the record, the trial court found that consecutive sentences were necessary to protect the public from future crime and to punish Oliver. The trial court found that consecutive sentences were not disproportionate to the seriousness of Oliver's conduct and the danger he posed to the public. Further, the trial court determined that "at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term * * * adequately reflects the seriousness of the offender's conduct."

{¶22} After reviewing the record we cannot find that Oliver has demonstrated that consecutive sentences were clearly and convincingly contrary to law, particularly where the trial court made the appropriate findings under R.C. 2929.14(C)(4). Therefore, Oliver's first assignment of error is overruled.

*Second Assignment of Error*

{¶23} In his second assignment of error, Oliver argues that he received ineffective assistance of counsel. Specifically, he contends that his counsel was unprepared at sentencing to argue that a 4 year and 11 month sentence was more consistent with sentences given to similarly situated offenders.

Standard of Review

**{¶24}** "To establish a claim for ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that counsel's deficient performance prejudiced him." *State v. Hernandez*, 3d Dist. Defiance Nos. 4-16-27, 28, 2017-Ohio-2797, ¶ 12, citing *State v. Phillips*, 3d Dist. Allen No. 1-15-43, 2016-Ohio-3105, ¶ 11, citing *State v. Jackson,* 107 Ohio St.3d 53, 2005-Ohio-5981, ¶ 133, citing *Strickland v. Washington,* 466 U.S. 668, 687 (1984). The failure to make either showing defeats a claim of ineffective assistance of counsel. *State v. Bradley*, 42 Ohio St.3d 136, 143 (1989), quoting *Strickland* at 697. ("[T]here is no reason for a court deciding an ineffective assistance of counsel claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one.").

Analysis

**{¶25}** In arguing that his counsel was ineffective at sentencing, Oliver contends that his counsel failed to preserve the issue of inconsistent sentencing in this matter by failing to raise it at the trial court level. Oliver argues that when his trial counsel argued for an aggregate prison term of under 5 years, he did not present any prior cases from Union County or surrounding courts to support his assertion for that type of sentence. Further, Oliver argues that his sentence *is* disproportionate to other sentencing in similar cases. Importantly, however, Oliver does not cite a

single case on appeal wherein an offender similarly situated was given a lesser sentence to establish some type of disproportionate sentencing. For this reason alone we could overrule his assignment of error as he cannot establish that his trial counsel was ineffective.[2]

{¶26} Finally, the goal of felony sentencing pursuant to R.C. 2929.11(B) is to achieve 'consistency' not 'uniformity.' *State v. Benvenuto,* 3d Dist. Allen No. 1-17-39, 2018-Ohio-2242, ¶ 52, citing *State v. Simpson,* 11th Dist. Lake No. 2016–L–014, 2016–Ohio–7746, ¶ 28. As the court in *Simpson* noted, " '[a] consistent sentence is not derived from a case-by-case comparison.' " *Id. quoting State v. Swiderski*, 11th Dist. Lake No.2004–L–112, 2005–Ohio–6705, ¶ 58. "To the contrary, it is well established that consistency in sentencing is accomplished by the trial court's application of the statutory sentencing guidelines to each individual case." *Id.* "Thus, in order to show a sentence is inconsistent with sentences imposed on other offenders, a defendant [Appellant] must show the trial court failed to properly consider the statutory purposes and factors of felony sentencing." *Id.*

---

[2] Notwithstanding this point, this Court has actually affirmed a conviction and an aggregate prison sentence of 40 years that dealt with charges under, *inter alia*, R.C. 2907.323(A)(1), and in that case there were only *two* girls involved in the photographs that were taken. *See State v. Workman*, 3d Dist. Auglaize No. 2-15-05, 2015-Ohio-5049. Further, in a sentencing brief filed by the State, the State pointed to a Union County case of Lauren Thomas who was ordered to serve an aggregate 40-year prison term for five felonies of the second degree. Thus we do not find any indication of disproportionate sentencing.

**{¶27}** As shown in the discussion of the previous assignment of error, the trial court's sentences were within the statutory range and the aggregate term was far less than the maximum sentence that could have been imposed (130-134 years). Moreover, the record establishes that the trial court properly considered the appropriate sentencing statutes. For all of these reasons, Oliver's second assignment of error is overruled.

*Conclusion*

**{¶28}** For the foregoing reasons Oliver's assignments of error are overruled and the judgment and sentence of the Union County Common Pleas Court is affirmed.

***Judgment Affirmed***

**ZIMMERMAN and MILLER, J.J., concur.**

**/jlr**