[Cite as *State v. Ford*, 2023-Ohio-568.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## UNION COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,                     CASE NO. 14-22-19

      v.

CAMERON FORD,                           **O P I N I O N**

      DEFENDANT-APPELLANT.

Appeal from Union County Common Pleas Court
Trial Court No. 21 CR 0110

**Judgment Affirmed**

**Date of Decision: February 27, 2023**

APPEARANCES:

     *Alison Boggs* **for Appellant**

     *Raymond Kelly Hamilton* **for Appellee**

**WALDICK, J.**

{¶1} Defendant-appellant, Cameron Ford ("Ford"), brings this appeal from the June 30, 2022, judgment of the Union County Common Pleas Court sentencing him to an aggregate, indefinite prison term of 21.5 years to 24.5 years. On appeal, Ford argues that the trial court's imposition of consecutive sentences was clearly and convincingly contrary to law, and that he received ineffective assistance of counsel. For the reasons that follow, we affirm the judgment of the trial court.

*Background*

{¶2} While Ford worked at Rural King as a "Support Manager" in Union County, he solicited sexual acts from four separate juveniles who were subordinate employees at the Rural King. Ford intimidated, badgered, and bribed the juveniles in an attempt to get the juveniles to allow Ford to perform sexual acts on them. Ford engaged in multiple acts of sexual conduct with one juvenile, and he engaged in sexual contact with two of the other juvenile victims.

{¶3} As a result of his actions, Ford was indicted for Rape in violation of R.C. 2907.02(A)(2), a first degree felony (Count 1); Sexual Battery in violation of R.C. 2907.03(A)(9), a third degree felony (Count 2); four counts of Gross Sexual Imposition in violation of R.C. 2907.05(A)(1), all fourth degree felonies (Counts 3, 6, 7, 10); Compelling Prostitution in violation of R.C. 2907.21(A)(1), a second degree felony (Count 4); and four counts of Compelling Prostitution in violation of

R.C. 2907.21(A)(2)(a), all third degree felonies (Counts 5, 8, 9, 11). Ford originally pled not guilty to the charges.

{¶4} On May 17, 2022, Ford entered into a written negotiated plea agreement wherein he agreed to plead guilty to Counts 2-5 and Counts 7-11 of the indictment. In exchange for his guilty pleas, the State agreed to dismiss the most serious charge, Count 1, as well as Count 6. There was explicitly no sentencing agreement between the parties.

{¶5} A change-of-plea hearing was held and the trial court conducted a Crim.R. 11 dialogue with Ford. After determining that Ford was entering knowing, intelligent, and voluntary guilty pleas, the trial court accepted Ford's pleas and found him guilty of Counts 2-5 and 7-11 of the indictment. Counts 1 and 6 were dismissed per the agreement.

{¶6} On June 30, 2022, Ford's case proceeded to sentencing. Ford was sentenced to serve an aggregate indefinite prison term with a minimum of 21.5 years and a maximum of 24.5 years.[1] Ford now brings the instant appeal, asserting the following assignments of error for our review.

**Assignment of Error No. 1**
**The trial court erred when it imposed consecutive sentences as the record does not support consecutive sentences and the sentence is contrary to law.**

---

[1] The sentencing breakdown is as follows: Ford received 30 months in prison on Count 2; 12 months in prison on Count 3; 6-9 years in prison on Count 4; 30 months in prison on Count 5; 12 months in prison on Count 7; 30 months in prison on Count 8; 30 months in prison on Count 9; 12 months in prison on Count 10; and 30 months in prison on Count 11. All the prison terms were ordered to be served consecutively.

**Assignment of Error No. 2**
**Appellant was deprived of effective assistance of counsel.**

*First Assignment of Error*

{¶7} In his first assignment of error, Ford argues that the trial court erred by imposing consecutive sentences and he argues that his sentence is contrary to law.

Standard of Review

{¶8} Under R.C. 2953.08(G)(2), an appellate court will reverse a sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Clear and convincing evidence is that " 'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.' " *Id*. at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

Relevant Authority

{¶9} In order to impose consecutive sentences pursuant to R.C. 2929.14(C)(4), a trial court must find on the record that consecutive sentences are "necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." *E.g.*, *State v.*

*Grate*, 164 Ohio St.3d 9, 2020-Ohio-5584, ¶ 205. A trial court must then also find that at least one or more of the aggravating factors in R.C. 2929.14(C)(4)(a) through (c) are present. Those factors include,

> **(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.**
>
> **(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.**
>
> **(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.**

{¶10} In *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, ¶ 37, the Supreme Court of Ohio held that a trial court must make the requisite statutory findings before imposing consecutive sentences "at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings."

{¶11} Nevertheless, the Supreme Court of Ohio recently held in *State v. Gwynne*, --- Ohio St.3d ---, 2022-Ohio-4607, that a trial court's consecutive sentence findings "are not simply threshold findings that once made, permit any amount of consecutively stacked individual sentences" or "consecutive sentence

stacking." *Gwynne* at ¶ 1, 13. "Rather, these findings must be made in consideration of the aggregate term imposed." *Id.* at ¶ 1. That is to say, when a trial court "makes the statutory findings under R.C. 2929.14(C)(4) for consecutive sentences, it must consider the number of sentences that it will impose consecutively along with the defendant's aggregate sentence that will result." *Id.* at ¶ 12. "R.C. 2953.08(G)(2) does not require appellate courts to defer to the sentencing court's findings in any manner. Instead, the plain language of the statute requires appellate courts to review the record de novo and decide whether the record clearly and convincingly *does not* support the consecutive-sentence findings." (Emphasis added.) *Id.* at ¶1.[2]

Analysis

**{¶12}** In his stated assignment of error, Ford challenges the trial court's imposition of consecutive sentences. However, in his brief, Ford also argues that the trial court failed to comply with R.C. 2929.11 and R.C. 2929.12 when sentencing him. More specifically, Ford contends that the trial court did not "enunciate any of the factors listed [in R.C. 2929.12], nor does it take the time to list each factor in its entry and check the factors that apply to give this court the ability to review the record[.]" (Appt.'s Br. at 7). We will address this argument related to R.C. 2929.11 and 2929.12 before proceeding to discuss the trial court's imposition of consecutive sentences.

---

[2] *Gwynne* was a 4-3 decision released on December 23, 2022. Currently a motion for reconsideration is pending before the Court.

{¶13} Generally, a trial court has full discretion to impose any sentence within the authorized statutory range, and the trial court is not required to make any findings or give its reasons for imposing a maximum sentence, or more than a minimum sentence. *State v. Reed*, 3d Dist. Union No. 14-20-16, 2021-Ohio-1623, ¶ 13. Nevertheless, when exercising its sentencing discretion, a trial court must consider the statutory policies that apply to every felony offense including those set forth in R.C. 2929.11 and R.C. 2929.12. *Id*.

{¶14} Revised Code 2929.11 provides that sentences for a felony shall be guided by the overriding purposes of felony sentencing: "to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A). In order to comply with those purposes and principles, R.C. 2929.12 instructs a trial court to consider various factors set forth in the statute relating to the seriousness of the offender's conduct and to the likelihood of the offender's recidivism. R.C. 2929.12(A)-(E).

{¶15} In fashioning Ford's sentence in this case, the trial court explicitly stated that it had considered the overriding purposes of felony sentencing in R.C. 2929.11 and that it had balanced the seriousness and recidivism factors under R.C. 2929.12. Importantly, as the Supreme Court of Ohio has repeatedly emphasized,

"neither R.C. 2929.11 nor 2929.12 requires [the] court to make any specific factual findings on the record" with regard to those statutes. *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, ¶ 20.

{¶16} Furthermore, the Supreme Court of Ohio has explicitly stated that "R.C. 2953.08(G)(2) does not allow an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." *State v. Bryant*, --- Ohio St.3d ---, 2022-Ohio-1878, ¶ 22; *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729. Rather, the type of challenges permitted under R.C. 2953.08(G)(2)(b) are those where "a trial court imposes a sentence based on factors or considerations that are extraneous to those that are permitted by R.C. 2929.11 and 2929.12." *Id.*

{¶17} Here, there is no indication that the trial court considered factors that were improperly extraneous to those permitted in the statute. Simply put, the trial court considered the appropriate statutes, the trial court weighed the proper sentencing factors, and the individual sentences were within the appropriate statutory ranges. Thus, under *Jones* and *Bryant*, there is no avenue for reversal here.[3]

---

[3] Nevertheless, even reviewing Ford's assertion that certain sentencing factors should have weighed more heavily in his favor, we do not agree that the sentencing factors he cites support leniency. For example, Ford argues that he had led a law abiding life prior to these crimes and that the offenses were not likely to reoccur. However, Ford committed numerous crimes in this case spanning over fourteen months. To suggest that he had been leading a law-abiding life is simply inaccurate. Additionally, Ford's contention that his offenses were not likely to reoccur because he would not be in a supervisory position of juveniles again ignores the fact that Ford had been reprimanded while incarcerated for improper sexual behavior. According to a statement made by the prosecutor at sentencing, "Ford engaged in lewd sexual contact with another inmate against the other's will in violation of * * * local and federal [] law." (Sent. Tr. at 15).

Therefore, Ford does not demonstrate that his sentences were clearly and convincingly contrary to law under R.C. 2929.11 and R.C. 2929.12.

{¶18} We turn then to the trial court's imposition of consecutive sentences, emphasizing at the outset that the trial court made the appropriate findings under R.C. 2929.14(C)(4) to impose consecutive sentences both at the sentencing hearing and in its judgment entry. Ford now argues that the trial court's findings were not properly supported by factual findings, or by the record itself.

{¶19} We stress that while the trial court was required to make the appropriate statutorily required findings to impose consecutive sentences under R.C. 2929.14(C)(4), the trial court was *not* required to make separate, supporting factual findings when imposing consecutive sentences. *Bonnell*, *supra*, at ¶ 37. For this reason alone we could overrule Ford's assignment of error.

{¶20} Nevertheless, the trial court's consecutive sentencing findings are supported by the record. For instance, there were four separate victims here who were still juveniles at the time Ford perpetrated offenses against them. *See State v. Brown*, 8th Dist. Cuyahoga No. 109007, 2020-Ohio-4474, ¶ 60 (stating that it is generally accepted that when a defendant commits crimes against multiple victims consecutive sentences are reasonable to hold the defendant accountable). Moreover, the offenses committed by Ford spanned in excess of a year, and there were

allegations that Ford engaged in sexual conduct with one victim as many as fifteen times.

**{¶21}** Furthermore, Ford repeatedly solicited, pressured, and bribed the victims in an attempt to get the victims to engage in sexual contact or sexual conduct with him. The ongoing pressure from Ford, who was in a supervisory position over the victims, caused significant mental harm, which was relayed to the trial court at sentencing. In fact, multiple victims were in therapy and struggling to deal with Ford's actions. The victims' statements, and the statements of their family members, indicated that Ford clearly altered their lives and left a lasting negative impact.[4] These reasons all support consecutive sentences in this matter.

**{¶22}** In sum, when considering the record as a whole, we do not find that Ford has demonstrated by clear and convincing evidence that his aggregate sentence is clearly and convincingly contrary to law. Therefore, Ford's first assignment of error is overruled.

*Second Assignment of Error*

**{¶23}** In his second assignment of error, Ford argues that he received ineffective assistance of counsel.

---

[4] We note that even when considering Ford's aggregate sentence under *Gwynne*, *supra*, the sentence was supported by the record.

## Standard of Review

{¶24} A defendant asserting a claim of ineffective assistance of counsel must establish: (1) the counsel's performance was deficient or unreasonable under the circumstances; and (2) the deficient performance prejudiced the defendant. *State v. Kole*, 92 Ohio St.3d 303, 306 (2001), citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052 (1984). The failure to prove either prong is fatal. *State v. Madrigal,* 87 Ohio St.3d 378, 389, 2000–Ohio–448. In the event of deficient or unreasonable performance, prejudice results when " 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *State v. Bradley*, 42 Ohio St.3d 136, 142 (1989), quoting *Strickland* at 694; *see also*, *State v. Davis*, 159 Ohio St.3d 31, 2020-Ohio-309.

## Analysis

{¶25} Ford contends that his counsel was ineffective at the sentencing hearing for two primary reasons: 1) failure to "properly" present mitigating evidence; and 2) failure to preserve and argue inconsistent sentencing. We will address each argument in turn.

## Mitigating Evidence

{¶26} Ford first argues that his attorney was ineffective for failing to emphasize certain material that was contained in the pre-sentence investigation

("PSI") such as Ford being a victim of sexual abuse as a child. However, as Ford concedes, this information was in the record in Ford's PSI, which the trial court specifically stated it had considered, obviating any claim of prejudice even if we determined that this specific omission by Ford's attorney constituted deficient performance—which we do not. *See State v. Jordan*, 2d Dist. Clark No. 2020-CA-62, 2021-Ohio-2332, ¶ 23 (rejecting argument that counsel was ineffective for failing to present information that was otherwise in the record).

{¶27} Next, Ford argues that his attorney should have presented more mitigating evidence by filing a written sentencing memorandum. However, defense counsel does not have an affirmative obligation to file a sentencing memorandum. *State v. Olsen*, 2d Dist. Montgomery No. 28011, 2019-Ohio-568, ¶ 13.

{¶28} Furthermore, it is well-established that mitigation is a matter of trial strategy. *State v. McKelton*, 148 Ohio St.3d 261, 2016-Ohio-5735, ¶ 304 (stating that mitigation is a matter of trial strategy even if the strategy is unsuccessful). An attorney may validly "elect only to advocate orally at the sentencing hearing." *Jordan* at ¶ 23.

{¶29} Here, Ford's attorney presented multiple arguments in mitigation at sentencing, mentioning Ford's difficult childhood, Ford's struggle to find friends, and Ford's struggle with his own sexuality. Ford's attorney also emphasized Ford's remorse for his actions, leading to Ford issuing an apology to the victims.

**{¶30}** There is nothing in the record before us that demonstrates that "more mitigation material, if any existed, would have resulted in a lesser sentence" for Ford. *State v, Riggleman* 5th Dist. Licking No. 16-CA-9, 2016-Ohio-5179, ¶ 13. Ford's contention that further mitigation would have reduced his sentence is entirely speculative and thus will not form the basis of a valid ineffective assistance of counsel claim. *State v. Jenkins*, 4th Dist. Ross No. 13CA3413, 2014-Ohio-3123, ¶ 31 ("speculation is insufficient to establish the prejudice component of an ineffective assistance of counsel claim."). For all of these reasons Ford's arguments related to mitigation are not well-taken.

Failure to Argue Inconsistent Sentencing

**{¶31}** Ford next argues that his attorney was ineffective for failing to preserve and argue inconsistent sentencing at the trial court level. He broadly contends that his sentence was inconsistent with other similarly-situated offenders, citing as support a single trial court case wherein the defendant was convicted of a single count of sexual battery—*State v. Brunk,* Union C.P. No. 21-CR-0181.

**{¶32}** We note that the defendant in *Brunk* was ordered to serve a 42-month prison term for his conviction, concurrent to a conviction from another county. The case *sub judice* is markedly different from the single case cited by Ford in that there are *four* juvenile victims here and *nine* total convictions. Thus *Brunk* has almost no relevance and Ford does not establish how he is a "similarly-situated offender" to

Brunk. Ford makes no showing that his prison term was disproportionate, therefore Ford does not establish deficient performance by his attorney or any prejudice in this matter. Accordingly, his second assignment of error is overruled.

## *Conclusion*

{¶33} For the foregoing reasons Ford's assignments of error are overruled and the judgment of the Union County Common Pleas Court is affirmed.

***Judgment Affirmed***

**MILLER, P.J. and WILLAMOWSKI, J., concur.**

**/jlr**