[Cite as *State v. Hilz*, 2025-Ohio-3027.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
UNION COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

v.

TOBIAS JOHANN HILZ,

    DEFENDANT-APPELLANT.

CASE NO. 14-24-45

OPINION AND
JUDGMENT ENTRY

Appeal from Union County Common Pleas Court
Trial Court No. 24-CR-0081

Judgment Affirmed

Date of Decision:  August 25, 2025

APPEARANCES:

    *Alison Boggs* for Appellant

    *Andrew M. Bigler* for Appellee

**ZIMMERMAN, J.**

{¶1} Defendant-appellant, Tobias Johann Hilz ("Hilz"), appeals the October 23, 2024 judgment entry of sentencing of the Union County Court of Common Pleas. For the reasons that follow, we affirm.

{¶2} Over a period of several months, Hilz engaged in a course of conduct where he repeatedly compelled the victim to engage in sexual conduct by force or threat of force. On one occasion, in the midst of a sexual assault, Hilz strangled the victim and caused her physical harm. He also extorted money from the victim by threatening to cause her harm or embarrassment.

{¶3} On April 19, 2024, the Union County Grand Jury indicted Hilz on 18 counts as follows: Counts One through Fourteen of rape in violation of R.C. 2907.02(A)(2), (B), all first-degree felonies; Count Fifteen of strangulation in violation of R.C. 2903.18(B)(3), (C)(3), a fourth-degree felony; Counts Sixteen and Seventeen of rape in violation of R.C. 2907.02(A)(2), (B), both first-degree felonies; and Count Eighteen of extortion in violation of R.C. 2905.11(A)(5), (B), a third-degree felony. On July 2, 2024, Hilz appeared for arraignment and entered pleas of not guilty to all 18 counts.

{¶4} A change-of-plea hearing was held on September 18, 2024. At the hearing, Hilz withdrew his pleas of not guilty and entered guilty pleas, under a negotiated-plea agreement, to Counts One (rape) and Two (rape), Count Four (rape),

Count Fifteen (strangulation), and Count Eighteen (extortion). In exchange, the State agreed to dismiss the remaining 13 counts of rape. The trial court conducted a Crim.R. 11 colloquy, accepted Hilz's guilty pleas, found him guilty, and ordered a presentence investigation ("PSI").

{¶5} A sentencing hearing was held on October 23, 2024. The trial court sentenced Hilz to prison as follows: an indefinite term of eight years to 12 years, eight years of which is a mandatory term, on Count One (rape); a mandatory term of eight years on Count Two (rape); a mandatory term of eight years on Count Four (rape); 12 months on Count Fifteen (strangulation); and 24 months on Count Eighteen (extortion). The trial court ordered the sentences to be served consecutively such that Hilz's aggregate prison term is a minimum of 27 years (of which 24 years are mandatory) to a maximum of 31 years.

{¶6} On November 21, 2024, Hilz filed a notice of appeal. He raises two assignments of error for our review.

**First Assignment of Error**

**The Trial Court Erred When It Imposed Consecutive Sentences As The Record Does Not Support Consecutive Sentences And The Sentence Is Contrary To Law And Unconstitutional.**

{¶7} In his first assignment of error, Hilz argues that his sentence is contrary to law since the record does not "clearly and convincingly" support the consecutive-sentence findings made by the trial court. (Appellant's Brief at 4).

*Standard of Review*

{¶8} Under R.C. 2953.08(G)(2), an appellate court will reverse a sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 2016-Ohio-1002, ¶ 1. When reviewing the imposition of consecutive sentences, "[t]he plain language of R.C. 2953.08(G)(2) requires an appellate court to defer to a trial court's consecutive-sentence findings, and the trial court's findings must be upheld unless those findings are clearly and convincingly not supported by the record." *State v. Gwynne*, 2023-Ohio-3851, ¶ 5. Clear and convincing evidence is that "'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Marcum* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

*Analysis*

{¶9} "Except as provided in . . . division (C) of section 2929.14, . . . a prison term, jail term, or sentence of imprisonment shall be served concurrently with any other prison term, jail term, or sentence of imprisonment imposed by a court of this state, another state, or the United States." R.C. 2929.41(A). In pertinent part, R.C. 2929.14(C) provides:

> (4) If multiple prison terms are imposed on an offender for convictions
> of multiple offenses, the court may require the offender to serve the
> prison terms consecutively if the court finds that the consecutive

service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶10} Thus, when imposing consecutive sentences, R.C. 2929.14(C)(4) requires the trial court to make specific findings on the record. *State v. Hites*, 2012-Ohio-1892, ¶ 11 (3d Dist.). "Specifically, the trial court must find: (1) consecutive sentences are necessary to either protect the public or punish the offender; (2) the sentences would not be disproportionate to the offense committed; and (3) one of the factors in R.C. 2929.14(C)(4)(a), (b), or (c) applies." *State v. Runyon*, 2024-Ohio-5039, ¶ 23 (3d Dist.). Further, the trial court must state the required findings at the sentencing hearing and incorporate those findings into its sentencing entry. *Runyon* at ¶ 24. The trial court "has no obligation to state reasons to support its findings" and is not "required to give a talismanic incantation of the words of the

statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry." *State v. Bonnell,* 2014-Ohio-3177, ¶ 37.

**{¶11}** In this case, the trial court made the required consecutive-sentence findings. In particular, at Hilz's sentencing hearing, the trial court found that (1) "consecutive sentences are necessary to protect the public from future crime and to punish [Hilz]"; (2) "consecutive sentences are not disproportionate to the seriousness of [Hilz's] conduct and to the danger [Hilz] poses to the public"; and (3)

> at least two of the multiple offenses were committed as part of one or more courses of conduct. And that the harm caused by two or more multiple offenses so committed was so great and unusual that no single prison term for any of the offenses committed as part of the course of conduct adequately reflects the seriousness of [Hilz's] conduct.

(Oct. 23, 2024 Tr. at 27-28). *See* R.C. 2929.14(C)(4)(b). The trial court also found that "[Hilz's] history shows that consecutive sentences are necessary to protect the public." (Oct. 23, 2024 Tr. at 28). Moreover, the trial court incorporated these findings into its sentencing entry.

**{¶12}** Nonetheless, Hilz argues that the record does not support the trial court's findings that consecutive sentences are necessary to protect the public, and that consecutive sentences are not disproportionate to the offenses committed. According to Hilz, his "felony record does not involve strangers" and "[h]e is not committing random acts of felony criminality against perfect strangers."

(Appellant's Brief at 8). He contends that consecutive sentences are not necessary to protect the public from him since "he has demonstrated difficulty with the people already in his life." (*Id.*). Hilz further argues that his consecutive sentences are disproportionate to the offenses since the trial court "did not make a finding that the twenty-seven year minimum, twenty-four of which are mandatory, sentence is not disproportionate to like sentences." (*Id.* at 7).

{**¶13**} "While a trial court is not required to state reasons in support of its R.C. 2929.14(C)(4) findings, an appellate court may take action if the record clearly and convincingly does not support the trial court's findings under R.C. 2929.14(C)(4)." *State v. Mason*, 2020-Ohio-3505, ¶ 13 (3d Dist.). *See also Gwynne*, 2023-Ohio-3851, at ¶ 5. Thus, "'our consecutive-sentencing review is limited to determining whether the record supports the findings actually made; it is not an invitation to determine or criticize how well the record supports the findings.'" *State v. Nienberg*, 2017-Ohio-2920, ¶ 19 (3d Dist.), quoting *State v. Jones*, 2016-Ohio-8145, ¶ 16 (8th Dist.).

{**¶14**} Here, the record supports the trial court's findings that consecutive sentences are necessary to protect the public from future crime and to punish Hilz, and that consecutive sentences are not disproportionate to the seriousness of Hilz's conduct and to the danger the he poses to the public. Specifically, the record shows that Hilz engaged in a course of conduct over an extended period of time that resulted in Hilz entering guilty pleas to three counts of rape, one count of

strangulation, and one count of extortion. The record further shows that Hilz's relationship with the victim facilitated the offenses, and that the victim suffered serious physical, psychological, and economic harm. In addition to the repeated acts of sexual assault, Hilz extorted a total of $3,200 from the victim by threatening to publish nude photos and videos of the victim. He also threatened to jeopardize the victim's custody of her children if she did not give him money.

{¶15} Accordingly, after reviewing the record, we conclude that the trial court's consecutive-sentence findings are supported by the record and we reject Hilz's argument to the contrary. We further conclude that the record reflects that the trial court made the required R.C. 2929.14(C)(4) findings before imposing consecutive sentences and incorporated those findings into its sentencing entry and that those findings are not clearly and convincingly unsupported by the record. *Nienberg*, 2017-Ohio-2920, at ¶ 22-23 (3d Dist.).

{¶16} Hilz's first assignment of error is overruled.

### Second Assignment of Error

**Appellant Was Deprived Effective Assistance Of Counsel When Counsel Was Not Prepared To Fully Argue Consistency-In-Sentencing When Asking The Court To Consider Minimum Sentences To Be Served Concurrent.**

{¶17} In his second assignment of error, Hilz argues that his attorney was ineffective for failing to preserve and argue inconsistent sentencing at the trial court level.

*Standard of Review*

**{¶18}** A defendant asserting a claim of ineffective assistance of counsel must establish that (1) his counsel's performance was deficient or unreasonable under the circumstances, and (2) the deficient performance prejudiced the defendant. *State v. Kole*, 92 Ohio St.3d 303, 306 (2001), citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Reversal of a conviction or sentence based on a claim of ineffective assistance of counsel requires satisfying this two-pronged test, and the failure to make either showing is fatal to the claim. *State v. Conway*, 2006-Ohio-791, ¶ 168.

**{¶19}** In order to show counsel's performance was deficient or unreasonable, the defendant must overcome the presumption that counsel provided competent representation and that counsel's actions were not trial strategies prompted by reasonable professional judgment. *Strickland*, 466 U.S. at 688-689. Counsel is entitled to a strong presumption that all decisions fall within the wide range of reasonable professional assistance. *State v. Sallie*, 81 Ohio St.3d 673, 675 (1998). Tactical or strategic trial decisions, even if unsuccessful, do not generally constitute ineffective assistance. *State v. Carter*, 72 Ohio St.3d 545, 558 (1995).

**{¶20}** Prejudice results when "'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *State v. Bradley*, 42 Ohio St.3d 136, 142 (1989), quoting *Strickland*, 466 U.S. at 694. "'A reasonable probability is a probability sufficient to undermine

confidence in the outcome.'" *Bradley*, 42 Ohio St.3d at 142, quoting *Strickland*, 466 U.S. at 694.

*Analysis*

{¶21} On appeal, Hilz acknowledges that his attorney argued for a minimum sentence on Count One (rape) and for concurrent sentences on the remaining four counts. Nonetheless, Hilz claims that his attorney's performance was deficient because he did not provide the trial court with "evidence regarding any previous cases from the Union County court, or surrounding courts" to support this type of sentencing. (Appellant's Brief at 12).

{¶22} Hilz broadly contends that his consecutive sentences are inconsistent with other similarly-situated offenders, yet he makes no showing that his prison term is disproportionate. *See State v. Oliver*, 2021-Ohio-1002, ¶ 25 (3d Dist.) (noting that an appellant cannot establish that his counsel was ineffective when the appellant fails to cite a single case on appeal wherein a similarly-situated offender was given a lesser sentence). Moreover, Hilz's argument that he would have received a lesser sentence had his attorney provided the trial court with cases from Union County or other courts is speculative at best. *See State v. Ford*, 2023-Ohio-568, ¶ 30 (3d Dist.) (noting that speculation is insufficient to establish the prejudice component of an ineffective-assistance-of-counsel claim). Absent a showing that his prison term is disproportionate, Hilz has not established deficient performance by his attorney or prejudice in this matter.

**{¶23}** Hilz's second assignment of error is overruled.

**{¶24}** Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

***Judgment Affirmed***

**WALDICK, P.J. and WILLAMOWSKI, J., concur.**

# <u>JUDGMENT ENTRY</u>

For the reasons stated in the opinion of this Court, the assignments of error are overruled and it is the judgment and order of this Court that the judgment of the trial court is affirmed with costs assessed to Appellant for which judgment is hereby rendered. The cause is hereby remanded to the trial court for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket. *See* App.R. 30.


_____
William R. Zimmerman, Judge


_____
Juergen A. Waldick, Judge


_____
John R. Willamowski, Judge

DATED:
/hls